## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Kenisha Cross, *on behalf of herself and others similarly situated*, | ) ) ) | Case No.: |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Wells Fargo Bank, N.A., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### Nature of this Action

1.      Kenisha Cross ("Plaintiff") brings this class action against Wells Fargo Bank, N.A., Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Upon information and good faith belief, Defendant, through its overdraft and recovery department, routinely violates 47 U.S.C. § 227(b)(1)(A)(iii), by using an automatic telephone dialing system to place non-emergency calls to consumers' cellular telephone numbers, without prior express consent.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

1

4.      Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred in this district, as Plaintiff resides in this district, and as Defendant transacts business in this district.

## Parties

5.      Plaintiff is a natural person who at all relevant times resided in Atlanta, Georgia.

6.      Defendant is a multinational banking and financial services holding company headquartered in San Francisco, California.

## Factual Allegations

7.      In or around February of this year Plaintiff obtained a new cellular telephone number—(770) ███████.

8.      Shortly thereafter, Defendant began placing calls to Plaintiff's cellular telephone number.

9.      In particular, Defendant placed at least one call to Plaintiff's cellular telephone number on March 19, 2015, March 20, 2015, March 26, 2015, March 27, 2015, March 28, 2015, and March 30, 2015.

10.     Upon information and good faith belief, Defendant placed additional calls to Plaintiff's cellular telephone number on dates not specifically identified herein.

11.     Defendant placed many of its calls to Plaintiff's cellular telephone number from (515) 221-4958 and (877) 647-8551—each of which are telephone numbers associated with Defendant's overdraft and recovery department.

12.     On the first occasion that Plaintiff answered one of Defendant's calls she informed Defendant that she was not the individual for whom Defendant was calling.

13.     On the second occasion on which Plaintiff answered one of Defendant's calls she instructed Defendant to stop calling her cellular telephone number, and to take her cellular telephone number off of Defendant's call list.

14.     No matter, Defendant continued to place calls to Plaintiff's cellular telephone number.

15.     Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

16.     Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

17.     Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

18.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

19.     Defendant placed its calls to Plaintiff's cellular telephone number in an effort to contact a third party.

20.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

21.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

22.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

23.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

24.     Plaintiff is not, nor was, one of Defendant's customers.

25.     Plaintiff does not, nor did, have a business relationship with Defendant.

26.     Plaintiff did not provide Defendant with her cellular telephone number.

27.     Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

28.     Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

29.    Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to cellular telephone service providers.

## Class Action Allegations

30.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes:

> All persons and entities throughout the United States (1) to whom Wells Fargo Bank, N.A, through its overdraft and recovery department, placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

> All persons and entities throughout the United States (1) to whom Wells Fargo Bank, N.A, through its overdraft and recovery department, placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that Wells Fargo Bank, N.A.'s records contain a code or other notation indicating that the called party previously (a) informed Wells Fargo Bank, N.A that the number to which it placed the call was the wrong number, (b) directed Wells Fargo Bank, N.A to stop calling the number to which it placed the call, or (c) instructed Wells Fargo Bank, N.A to take the number to which it placed the call off of its call list.

31.    The proposed classes specifically exclude the United States of America, the State of Georgia, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh

Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

32.     Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

33.     The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

34.     The members of the classes are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant and by third parties.

35.     There exists a well-defined community of interest in the questions of law and fact that affect the members of the classes.

36.     Plaintiff's claims are typical of the claims of the members of the classes.

37.     As it did for all members of the classes, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without prior express consent, and in violation of 47 U.S.C. §227.

38.     Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

39.     Plaintiff's claims are based on the same theory as are the claims of the

members of the classes.

40.     Plaintiff suffered the same injuries as each of the members of the classes.

41.     Plaintiff will fairly and adequately protect the interests of the members of the classes.

42.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

43.     Plaintiff will vigorously pursue the claims of the members of the classes.

44.     Plaintiff has retained counsel experienced and competent in class action litigation.

45.     Plaintiff's counsel will vigorously pursue this matter.

46.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

47.     The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

48.     Issues of law and fact common to all class members are:

    a.  Defendant's violations of the TCPA;

    b.  The existence of Defendant's identical conduct;

    c.   Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    d.   The availability of statutory penalties; and

    e.   The availability of attorneys' fees and costs.

49.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

50.    If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

51.    The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

52.    The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

53.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

54.     The damages suffered by each individual member of the classes may be relatively small; thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

55.     The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

56.     There will be little difficulty in the management of this action as a class action.

57.     Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(a)(iii)

58.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-57.

59.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to her cellular telephone number, absent prior express consent.

## Trial by Jury

60.     Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under to Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: April 21, 2015                    Respectfully Submitted,


                                         /s/Craig J. Ehrlich
                                         Craig J. Ehrlich
                                         The Law Office of Craig J. Ehrlich,
                                         LLC
                                         2300 Henderson Mill Road, Suite 300
                                         Atlanta, Georgia 30345
                                         Office: 844-534-9984, Ext. 301
                                         Direct: 404-365-4460
                                         Fax: 855-415-2480
                                         www.EhrlichLawOffice.com

                                         Aaron D. Radbil
                                         Greenwald Davidson Radbil PLLC
                                         (*pro hac vice* application to be filed)
                                         106 East Sixth Street, Suite 913
                                         Austin, Texas 78701
                                         Phone: (512) 322-3912
                                         Fax: (561) 961-5684
                                         aradbil@gdrlawfirm.com

## Local Rule 7.1D Certification

The undersigned counsel certifies that the foregoing was prepared using

Times New Roman 14 point, a font and point selection approved by LR 5.1B.

                                         /s/Craig J. Ehrlich
                                         Craig J. Ehrlich