**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Kenisha Cross, *on behalf of herself* | ) | |
| *and others similarly situated*, | ) | Case No.: 1:15-cv-01270-RWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Wells Fargo Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to 28 U.S.C. § 1746, declare as follows:

1.     My name is Aaron D. Radbil.

2.     I am over twenty-one years of age, I am fully competent to make the statements included in this declaration, and I have personal knowledge of the statements included in this declaration.

3.     I am a partner at Greenwald Davidson Radbil PLLC ("GDR"), and I am counsel for Ms. Cross and the proposed class in this matter.

4.     I submit this declaration in support of Ms. Cross's unopposed motion for preliminary approval of the parties' class action settlement.

**Class Counsel**

5.     I graduated from the University of Arizona in 2002 and from the University of Miami School of Law in 2006.

6.     I have extensive experience litigating consumer protection class actions, including class actions under the Telephone Consumer Protection Act ("TCPA").

7.     My firm has been appointed class counsel in a number of class actions under the TCPA. *See Johnson v. Navient Sols., Inc.*, No. 115CV00716LJMMJD, 2016 WL 4069278 (S.D. Ind. July 27, 2016); *Prater v. Medicredit, Inc.*, No. 14-00159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015); *Jones v. I.Q. Data Int'l, Inc.*, Case 1:14–cv–00130–PJK–GBW, 2015 WL 5704016 (D.N.M. Sept. 23, 2015); *Ritchie v. Van Ru Credit Corp.*, No. 2:12–CV–01714–PHX–SM, 2014 WL 3955268 (D. Ariz. Aug. 13, 2014).[1]

8.     Multiple district courts have commented on my firm's useful knowledge and experience in connection with class action litigation, specifically in the context of the TCPA.

9.     For example, in *Ritchie v. Van Ru Credit Corp.*, Judge Stephen McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval to the TCPA class settlement presented:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely

---

[1]     In the past two years my firm also has been appointed class counsel in nearly two dozen class actions brought under consumer protection statutes other than the TCPA.

> helpful both to your clients and to the Court. And that's important. So
> I want to thank you all very much.

Case No. CIV-12-1714 (D. Ariz. July 21, 2014).

10.    In addition to my experience litigating consumer protection class actions, I have briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal and state courts of appeals. *See, e.g.*, *Hernandez v. Williams, Zinman & Parham PC*, No. 14-15672, --- F.3d ----, 2016 WL 3913445 (9th Cir. July 20, 2016); *Lea v. Buy Direct, L.L.C.*, 755 F.3d 250 (5th Cir. 2014); *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir. 2014); *Stout v. FreeScore, LLC*, 743 F.3d 680 (9th Cir. 2014); *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369 (11th Cir. 2012); *Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505 (5th Cir. Nov. 7, 2012); *Sorensen v. Credit Int'l Corp.*, 475 F. App'x 244 (9th Cir. 2012); *Ponce v. BCA Fin. Serv., Inc.*, 467 F. App'x 806 (11th Cir. 2012); *Mady v. DaimlerChrysler Corp.*, 59 So. 3d 1129 (Fla. 2011); *Talley v. U.S. Dep't of Agric.*, 595 F. 3d 754 (7th Cir. 2010), *reh'g en banc granted, opinion vacated* (June 10, 2010), *on rehearing en banc* (September 24, 2010), *decision affirmed*, No. 09-2123, 2010 WL 5887796 (7th Cir. Oct. 1, 2010); *Oppenheim v. I.C. Sys., Inc.*, 627 F. 3d 833 (11th Cir. 2010); *Cano v. Hyundai Motor Am., Inc.*, 8 So. 3d 408 (Fla. 4th DCA 2009); *Jones v. Nissan N. Am., Inc.*, 385 Ill. App. 3d 740 (2d Dist. 2008).

11.    Michael Greenwald and James Davidson, both partners at GDR, and

Jesse Johnson, a senior associate at GDR, provided substantial assistance litigating this matter.

12.     Mr. Greenwald graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

13.     Prior to forming GDR, he spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—the nation's largest plaintiff's class action firm, where he focused on complex class actions, including securities and consumer protection litigation.

14.     Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

15.     He has been appointed class counsel in a host of consumer protection class actions.

16.     Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated magna cum laude in 2005.

17.     He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration from the University of Florida Hough Graduate School of Business the same year.

## Settlement

18.     The cash settlement fund in this matter amounts to $30,446,022.75 (assuming 6,409,689 class members). The size of the class will be confirmed after discovery, to include a deposition of Wells Fargo's corporate representative on August 25, 2016.

19.     All participating class members will receive an equal share of the settlement fund after deducting the costs of notice and claims administration, attorneys' fees and expenses subject to the Court's approval, and an incentive award to Ms. Cross subject to the Court's approval.

20.     None of the settlement fund will revert back to Wells Fargo.

21.     The parties reached their settlement following meaningful exchanges of documents and briefs, with the assistance of a respected mediator—Hunter Hughes—and after considering the risks, uncertainties, burden, and expense associated with continued litigation.

22.     Mr. Hughes was instrumental in assisting the parties reach an agreement in this case.

23.     Given the meaningful recovery for the class that results from the parties' settlement—which is well in line with other TCPA class action settlements against financial institutions—and considering the serious risks associated with continuing to litigate this matter, I firmly believe that the parties' settlement is fair,

reasonable, and adequate, and that it far outweighs the delay and considerable risk attendant to proceeding with this matter in a contested fashion.

## Administration

24.     Prior to agreeing to use Garden City Group as the claims administrator in this matter, I reviewed bids from several settlement administration companies.

25.     Thereafter I remained part of negotiations, over the course of several weeks, to obtain the best price available for the administration of claims in this matter, given the notice plan required.

## Documents

26.     Attached to this declaration is a copy of the settlement agreement and its exhibits.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on August 11, 2016.          /s/ Aaron D. Radbil
                                      Aaron D. Radbil

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between plaintiff Kenisha Cross ("Cross" or "Plaintiff"), for herself and the Settlement Class members (as defined below), on the one hand, and Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), on the other hand. Plaintiff and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

### I.     RECITALS

**1.01**     On April 21, 2015, Cross filed a class action complaint in the Northern District of Georgia against Wells Fargo entitled *Cross v Wells Fargo Bank, N.A* , No. 1:15-cv-1270 (N.D. Ga.) (the "Action").

**1.02**     Cross alleges that Wells Fargo violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call cellular telephones in connection with overdrafts of deposit accounts, without her prior express consent and that of putative class members.

**1.03**     Wells Fargo denies all material allegations in the Action. Wells Fargo specifically disputes that it used an automated dialer or artificial or prerecorded voice messages to contact Plaintiff or putative class members without their prior express consent; that it violated the TCPA; or that Plaintiff and putative class members are entitled to any relief from Defendant. Wells Fargo further contends that the actions are not amenable to class certification. Nevertheless, given the risks, uncertainties, burden and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

**1.04**     This Settlement Agreement resulted from good faith, arm's-length settlement negotiations, including an in-person negotiation as well as numerous telephonic conferences with Hunter R. Hughes, an experienced and well-respected private mediator. Plaintiff and Defendant submitted detailed mediation submissions to Mr. Hughes setting forth their respective views as to the strengths of their cases. Additionally, Plaintiff has reviewed documents and data that

Defendant has produced, and deposition transcripts from a previous related action against Wells Fargo.

    **1.05**    Based on their investigation and the negotiations described above, and assuming that the information currently known to Plaintiff is confirmed through additional discovery to be conducted as described in Section 4.01 below, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by class members pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

    **1.06**    The Parties understand, acknowledge and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims. This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any party to this Settlement Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

    **1.07**    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## II.    **DEFINITIONS**

    **2.01**    "Action" means the class action filed in the Northern District of Georgia against Wells Fargo entitled *Cross v. Wells Fargo Bank, N.A.*, No. 1:15-cv-1270-RWS (N.D. Ga.).

    **2.02**    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

    **2.03**    "Approved Claims" means claims that have been validly completed, timely submitted, and approved for payment.

    **2.04**    "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C.

§ 1715(b).

**2.05**   "Call" or "calls," consistent with applicable regulations and legal authority interpreting the TCPA, means and includes voice calls, artificial or prerecorded voice calls, and SMS/text messages.

**2.06**   "Cash Award" means a cash payment to an eligible Settlement Class Member.

**2.07**   "Claim Form" means the claim form substantially in the form attached hereto as Exhibit A.

**2.08**   "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

**2.09**   "Claims Period" means the 90-day period that begins on the Settlement Notice Date.

**2.10**   "Claims Administrator" means Garden City Group, subject to Court approval.

**2.11**   "Class Counsel" means and includes: Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; Greenwald Davidson Radbil PLLC; Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and, Hyde & Swigart.

**2.12**   "Class Notice" or "Notice" means the notice specified in Section VIII of this Settlement Agreement including, without limitation, mail notice, publication notice and internet notice. Notice shall be substantially in the forms attached hereto collectively as Exhibit C, subject to the Court's approval.

**2.13**   "Class Period" means April 21, 2011 to December 19, 2015.

**2.14**   "Class Representative" means Kenisha Cross.

**2.15**   "Court" means the United States District Court for the Northern District of Georgia, and U.S. District Judge Richard W. Story, to whom the Action has been assigned.

**2.16**   "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement pursuant to Section 7.04.f.

**2.17**   "Effective Date" means the date on which the Judgment has become final as provided in Section 12.01.

3

28732622

**2.18** "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing."

**2.19** "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit B.

**2.20** "Final Class Size" means the number of unique cellular telephone numbers used or subscribed to by members of the class to which Wells Fargo made or initiated Calls during the Class Period using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records, after any adjustments described in Section 4.01 and Section 4.02.

**2.21** "Final Distribution Date" means the earlier of (i) the date as of which all the checks for Cash Awards have been cashed, or (ii) 210 days after the date on which the last check for a Cash Award was issued.

**2.22** "Funding Date" means twenty (20) business days after the Effective Date.

**2.23** "Notice Databases" means the databases containing Settlement Class Members' information Defendant has provided pursuant to Section 7.02.

**2.24** "Objection Deadline" means sixty (60) days from the Settlement Notice Date.

**2.25** "Opt-Out Deadline" means sixty (60) days from the Settlement Notice Date.

**2.26** "Preliminary Approval Order" means the order by the Court granting preliminary approval to this settlement, substantially in the form attached hereto as Exhibit D.

**2.27** "Preliminary Class Size" means the Parties' good faith estimate of the number of unique cellular telephone numbers used or subscribed to by Settlement Class Members to which Wells Fargo made or initiated Calls during the Class Period using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records. As of the date of the execution of this Agreement, the Preliminary Class Size is 6,409,689, which is subject to the confirmatory discovery to be conducted pursuant to Section

4

28732622

4.01.

**2.28**   "Released Claims" means the releases identified in Section 13.

**2.29**   "Released Parties" means Wells Fargo Bank, N.A. and each of its respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, assigns, or related entities, and each of their respective executors, successors, and legal representatives.  "Released Parties" specifically includes all corporate affiliates of Wells Fargo related to its deposit accounts line of business and all entities with which Wells Fargo contracts to obtain representatives to place calls.

**2.30**   "Settlement" or "Settlement Agreement" means this Agreement between Plaintiff and Defendant and each and every exhibit attached hereto.

**2.31**   "Settlement Class" means all users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period, in connection with overdrafts of deposit accounts, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.

**2.32**   "Settlement Class Members" means those persons who are members of the Settlement Class, as set forth in the definition in Section 2.31 above, and who do not timely and validly request exclusion from the Settlement Class.

**2.33**   "Settlement Costs" means all costs incurred by Plaintiff, the Class and their attorneys, including but not limited to Plaintiff's attorneys' fees, costs of suit, Plaintiff's expert or consultant fees, reasonable expenses incurred in connection with the prosecution of the Action, any incentive payments paid to the Class Representative, notice costs, costs of claims administration and all other costs of administering the settlement.

**2.34**   "Settlement Fund" means the non-reversionary cash sum that Wells Fargo will pay to settle this Action and obtain a release of all Released Claims, as calculated in Section 4.03

5

28732622

below.

**2.35** "Settlement Notice Date" means fifteen (15) days after an Order Granting Preliminary Approval is issued.

**2.36** "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 8.04.

**2.37** "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*, and any regulations or rulings promulgated under it.

### III.    BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT

**3.01** Defendant's Position on the Conditional Certification of Settlement Class. Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and further denies that a litigation class properly could be certified on the claims asserted in this Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose the certification for settlement purposes only of the Settlement Class. Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in this Action or in any other action if the Settlement Agreement is not finalized or finally approved. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in this Action. No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiff, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other judicial proceeding.

**3.02** Plaintiff's Belief in the Merits of Case. Plaintiff believes that the claims asserted in this Action have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or

6

concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

**3.03**   Plaintiff Recognizes the Benefits of Settlement.  Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Plaintiff has concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement.  Plaintiff and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Class to settle as described herein.

## IV.   SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

**4.01**   Confirmatory Discovery:  As soon as practicable after entering into this agreement, Plaintiff will conduct reasonable, mutually agreeable confirmatory discovery regarding the size of the class and the methods used by Wells Fargo to compile the list of numbers dialed.  The Parties agree that this discovery shall be used for the sole purpose of settlement, and the information provided as part of this confirmatory discovery process will not be used for any other purpose.

**4.02**   Final Determination of the Class Size:  If the confirmatory discovery described in Section 4.01 confirms that the number of unique cellular telephone numbers used or subscribed to by Settlement Class Members is no greater than 110% of Preliminary Class Size, the number confirmed by the Parties during this process shall be the Final Class Size.  If the number of unique cellular telephone numbers used or subscribed to by Settlement Class Members exceeds the Preliminary Class Size by an amount greater than 10%, then the Parties agree to negotiate in good faith in an effort to reach an agreement regarding the scope of the class to be included in this settlement, and the Final Class Size will be determined based on the Parties' agreement

7

regarding the scope of the class; the other terms of this Settlement Agreement shall not be subject to renegotiation.

**4.03**    Monetary Consideration.  Wells Fargo shall pay an amount equal to $4.75 times the Final Class Size, after eliminating cellular telephone numbers associated with Settlement Class Members who excluded themselves from the settlement as set forth in Section 10, to settle this Action and obtain a release of all Released Claims.  This sum will be used to pay Approved Claims and any Settlement Costs.  Under no circumstances shall Wells Fargo be required to pay any amount in excess of this sum in order to resolve the Action and obtain releases from Plaintiff and Settlement Class Members.

**4.04**    Eligibility for Cash Awards.  Cash Awards shall be made to eligible Settlement Class Members who make valid and timely claims.  Each Settlement Class Member shall be entitled to make one claim for a Cash Award.

**4.05**    Amount Paid per Claim.  Each Settlement Class Member who makes a valid and timely claim shall receive a Cash Award.  The amount of each Cash Award shall be determined by the following formula:  (Settlement Fund − Settlement Costs) ÷ (Total Number of Valid and Timely Claims) = Cash Award.  Therefore, the Cash Award for each Settlement Class Member who makes a valid and timely claim is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members.

**V.**    **ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVE**

**5.01**    Class Representative and Class Counsel Appointment.  For settlement purposes, and subject to Court approval, Cross is appointed as the Class Representative for the Settlement Class.

**5.02**    Attorneys' Fees and Costs.  Class Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.  Class Counsel shall be entitled to payment of the fees awarded by the Court out of the Settlement Fund as set forth in Section 7.04. This Settlement will be binding and enforceable regardless of whether the Court approves the attorneys' fees and costs sought by Class Counsel.  In addition, no interest will

8

28732622

accrue on such amounts at any time.

**5.03**   Payment to the Class Representative.  The Class Representative will ask the Court to award her an incentive payment for the time and effort she has personally invested in the Action on behalf of the Settlement Class, including but not limited to declining an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  Defendant shall not object to such incentive payment to be paid to Cross, provided that the incentive payment does not exceed $15,000, subject to Court approval.  Within five (5) days of the Funding Date, and after receiving a W-9 form from Cross, the Claims Administrator shall pay to Class Counsel the amount of incentive payment awarded by the Court, and Class Counsel shall disburse such funds.  Court approval of any incentive payments, or their amount, is not a condition of the Settlement.

**5.04**   Settlement Independent of Award of Fees, Costs and Incentive Payments.  The payments of attorneys' fees, costs and incentive payments set forth in Sections 5.02 and 5.03 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members.  However, this Settlement is not dependent or conditioned upon the Court's approving Plaintiff's request for such payment or awarding the particular amount sought by Plaintiff.  In the event the Court declines Plaintiff's request or awards less than the amount sought, this Settlement shall continue to be effective and enforceable by the Parties.

## VI.   PRELIMINARY APPROVAL

**6.01**   Order of Preliminary Approval.  As soon as practicable after the execution of this Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D.  Pursuant to the motion for preliminary approval, Plaintiff will request that:

a.   the Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only;

9

28732622

b.     the Court preliminarily approve the Settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

c.     the Court approve the form(s) of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

d.     the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

e.     the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

### VII.    ADMINISTRATION AND NOTIFICATION PROCESS

**7.01**    <u>Third-Party Claims Administrator</u>. The Claims Administrator shall be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud or noncompliance, directing the mailing of Cash Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims Administrator will provide monthly updates on the claims status to counsel for all Parties.

**7.02**    <u>Notice Databases</u>. To facilitate the notice and claims administration process, Wells Fargo will provide to the Claims Administrator and to Class Counsel within 45 days of the determination of the Final Class Size, in an electronically searchable and readable format, Notice Databases which include the names, last known mailing addresses and cellular telephone numbers called for all known members of the Settlement Class, as such information is contained in the reasonably available computerized account Wells Fargo maintains. If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or

10

delay such processes or make them more costly, the Claims Administrator shall so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to members of the Settlement Class provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of providing notice to members of the Settlement Class and allowing them to recover under this Settlement; shall be kept in strict confidence; shall be used only for purposes of this Settlement; and shall not be disclosed to any third party.

**7.03**   Payment of Notice and Claims Administration Costs.  Wells Fargo shall pay the reasonable costs of notice and settlement administration that are incurred prior to the creation of the Settlement Fund, and Wells Fargo will be given credit for all such payments which shall be deducted from the Settlement Fund as set forth below.  The Claims Administrator shall provide the Parties with an estimate of the costs of sending notice, establishing the Settlement Website and establishing a toll-free telephone number, as well as any other initial administration costs. Wells Fargo shall pay the estimated amount to the Claims Administrator within ten (10) days after the entry of the Preliminary Approval Order.  After that upfront payment of administration costs by Wells Fargo, the Claims Administrator shall bill Wells Fargo monthly for any reasonable additional costs of settlement administration, until such time as the Settlement Fund is established.  Any amounts paid by Wells Fargo for the estimated costs of administration which are not incurred by the Claims Administrator shall be used for other administration costs, or shall be deducted from future billings by the Claims Administrator.  The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the Settlement and shall provide those to the Parties monthly.  At such time that Wells Fargo funds the Settlement Fund, all amounts previously paid to the Claims Administrator by Wells Fargo shall be deducted from the total payment which it is required to pay to create the Settlement Fund under Section 4.03. After Wells Fargo has created the Settlement Fund, Wells Fargo shall have no further obligation

11

to pay any amount under this Settlement Agreement, and any additional Settlement Costs shall be paid out of the Settlement Fund.

   **7.04**   Distribution of the Settlement Fund. The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

   a.   first, no later than five (5) days after the Funding Date, the Claims Administrator shall pay to Class Counsel the attorneys' fees, costs, and expenses ordered by the Court as set forth in Section 5.02;

   b.   next, no later than five (5) days after the Funding Date, the Claims Administrator shall pay to Plaintiff any incentive award ordered by the Court, as described in Section 5.03;

   c.   next, no later than twenty (20) days after the Funding Date, the Claims Administrator shall be paid for any unreimbursed costs of administration incurred;

   d.   next, no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay the Cash Awards to eligible Settlement Class Members pursuant to Section 9;

   e.   next, if checks that remain uncashed after 210 days of the first pro rata distribution yield an amount that, after administration costs, would allow a second pro rata distribution to the qualifying claimants equal to or greater than $1.00 per qualifying claimant, the Claims Administrator shall distribute any such funds on a pro rata basis to Settlement Class Members who cashed settlement checks.

   f.   finally, if a second pro rata distribution is not made, or if checks remain uncashed 210 days after the second distribution, the uncashed amount will be paid to a mutually agreeable *cy pres* recipient, subject to Court approval. Any *cy pres* recipient of unclaimed funds shall be a non-profit organization and no Party shall have a financial interest in such organization. If, for any reason, the Parties determine that an organization is no longer an appropriate recipient, or the Court determines that a proposed recipient is not or is no longer an

12

appropriate recipient, the Parties shall agree on a replacement recipient of such monies, subject to Court approval.

## VIII.   NOTICES

**8.01**   Timing of Class Notice.  Class Notice shall be provided to all persons in the Settlement Class within twenty-five (25) days following entry of the Preliminary Approval Order as described herein.

**8.02**   Mailing of Settlement Notice.  The Claims Administrator shall send the Settlement Notice via first class mail, to the most recent mailing address as reflected in Wells Fargo's reasonably available computerized account records.

    a.     Address Confirmation.  The last known address of persons in the Settlement Class will be subject to confirmation or updating as follows: (a) the Claims Administrator will check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator will conduct a reasonable search to locate an updated address for any person in the Settlement Class whose Settlement Notice is returned as undeliverable; (c) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator shall update addresses based on any requests received from persons in the Settlement Class.

    b.     Re-Mailing of Returned Settlement Notices.  The Claims Administrator shall promptly re-mail any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.  The Claims Administrator may perform skip tracing for returned mail.

    c.     Costs Considered Settlement Costs.  All costs of address confirmation, skip tracing, and re-mailing of returned Settlement Notices will be considered Settlement Costs and deducted from the Settlement Fund.

**8.03**   Publication Notice.  The Claims Administrator shall design and conduct a nationwide publication website-based notice program which the Parties believe will fully satisfy

13

the requirements of due process in conjunction with the other forms of notice discussed in this Agreement. The nationwide publication website-based notice program will be agreed to by the Parties and submitted to the Court with Plaintiff's Motion for Preliminary Approval. The nationwide publication website-based notice program will be initiated on the Settlement Notice Date, or as soon thereafter as practicable. The Publication Notice shall be published on the Settlement Website on the same date, and retained on the website thereafter.

**8.04**   Internet Notice. By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated settlement website containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form members can download, complete and submit electronically. At a minimum, such documents shall include the Settlement Agreement and attached exhibits, Mail Notice, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint, and when filed, the Final Approval Order. The settlement website shall remain operative until the date of the *cy pres* distribution.

**8.05**   Toll-Free Telephone Number. Within ten (10) days of Preliminary Approval, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related Settlement Website.

**8.06**   Press Release. After preliminary approval, Plaintiff will issue a neutrally worded press release, the contents of which have been agreed to in advance by all Parties. The purpose of the press release is to facilitate Class Members learning about the settlement through internet searches, and to provide instructions on how they may obtain additional information about the settlement. The press release will announce that the Action has been settled, and will include the URL for the dedicated settlement website through which Class Members can obtain relevant information.

14

**8.07** *CAFA Notice.* Wells Fargo and/or the Claims Administrator shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Preliminary Approval Motion.

## IX. CLAIMS PROCESS

**9.01** *Potential Claimants.* Each member of the Settlement Class who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make a claim. Each Settlement Class Member shall be entitled to make one claim regardless of the number of times the Settlement Class Member was called.

**9.02** *Conditions for Claiming Cash Award.* To make a claim, Settlement Class Members must submit by the Claims Deadline a valid and timely Claim Form by U.S. mail, through the Settlement Website, or through the toll-free telephone number, which shall contain the information set forth in Exhibit A hereto, including the Settlement Class Member's (1) name; (2) current address; (3) cellular phone number(s) called; (4) certification that the claimant was called by Wells Fargo on the identified cellular number(s) without consent; (5) certification that the claimant was called by Wells Fargo in connection with overdrafts of a deposit account; (6) where applicable, the identification code the Mail Notice; and (7) contact telephone number. If a Settlement Class Member fails to fully complete a Claim Form, the Claim Form will be invalid. Any Settlement Class Member who submits an incomplete or inaccurate Claim Form shall be permitted to re-submit a Claim Form within 35 days of the sending of notice of the defect by the Claims Administrator. Class Counsel shall be kept apprised of the volume and nature of defective claims and allowed to communicate with Settlement Class Members as they deem appropriate to cure such deficiencies.

**9.03** *Mailing of Settlement Check.* Settlement checks shall be sent to qualified class members by the Claims Administrator via U.S. mail no later than thirty (30) days after the Funding Date. If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in

15

Section 8.02. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator shall advise Class Counsel and counsel for Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each settlement check will be negotiable for one hundred eighty (180) days after it is issued.

## X.   OPT-OUTS AND OBJECTIONS

**10.01** <u>Opting Out of the Settlement</u>. Any members of the Settlement Class who wish to exclude themselves from the Settlement Class must advise the Claims Administrator in writing of that intent, and their opt out request must be postmarked no later than the Opt-Out Deadline.

**10.02** <u>Deadline</u>. The Claims Administrator shall provide the Parties with copies of all opt-out requests it receives, and shall provide a list of all Settlement Class members who timely and validly opted out of the settlement in its declaration filed with the Court, as required by Section 11.01. The declaration shall include the names of persons who have excluded themselves from the settlement but shall not include their addresses or any other personal identifying information. Settlement Class members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in Section 13 below.

     a.    In the written request for exclusion, the Settlement Class member must state his or her full name, address, and telephone number. Further, the Settlement Class member must include a statement in the written request that he or she wishes to be excluded from the Settlement.

     b.    Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

**10.03** <u>Objections</u>. Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court by the Objection Deadline. In the written objection, the Settlement Class Member must state his or her full name, address and

16

28732622

telephone number, the reasons for his or her objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any and all objections shall identify any lawyer that assisted or provided advice as to this case or such objection. Any documents supporting the objection must also be attached to the objection.

**10.04**   Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

### XI.   FINAL APPROVAL AND JUDGMENT ORDER

**11.01**   No later than fourteen (14) calendar days prior to the Final Approval Hearing, the *Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration* stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02**   If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

     a.   The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit B, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

     b.   Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement.

**11.03**   At the Final Approval Hearing, the Parties will ask the Court to consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representative should be approved, and whether a judgment finally approving the Settlement should be entered.

**11.04**   This Agreement is subject to and conditioned upon the issuance by the Court of a

28732622

Final Approval Order which grants final approval of this Agreement and:

        a.      finds that the Notice provided *satisfies the requirements of due process* and Federal Rule of Civil Procedure Rule 23(e)(1);

        b.      finds that Settlement Class Members have been adequately represented by Plaintiff and Class Counsel;

        c.      finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the release in Sections 13.01 and 13.02, and the covenant not to sue in Section 13.04, and that this Settlement Agreement should be and is approved;

        d.      dismisses on the merits and with prejudice all Released Claims of the Settlement Class Members;

        e.      permanently enjoins each and every Settlement Class Member from bringing, joining or continuing to prosecute any Released Claims against Defendant or the Released Parties; and,

        f.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## XII.    FINAL JUDGMENT

**12.01**  The judgment entered at the Final Approval Hearing shall be deemed final:

        a.      Thirty (30) days after entry of the judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the judgment; or

        b.      If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.04.

## XIII.    RELEASE OF CLAIMS

**13.01**  <u>Released Claims</u>. Plaintiff and each Settlement Class Member, as well as their respective assigns, executors, administrators, successors and agents, hereby release, resolve,

28732622

relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims. The release does not apply to members of the Settlement Class who timely opt-out of the Settlement. "Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with overdrafts of deposit accounts during the Class Period. Released Claims include the claims of Wells Fargo deposit account holders and non-account holders who are members of the Settlement Class. Notwithstanding the above, the Parties agree that any claims related to Calls made in an attempt to collect any debts other than those allegedly owed for a Wells Fargo deposit account are not released.

     **13.02** <u>Waiver of Unknown Claims</u>. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

19

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.

**13.03**   Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**13.04**   Covenant Not To Sue. Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any of the Released Parties with respect to any of the Released Claims, and agree to be forever barred from doing so in any court of law or equity, arbitration proceeding, or any other forum.  However, nothing herein is intended to restrict any Settlement Class member from contacting, assisting or cooperating with any government agency.

## XIV.   TERMINATION OF AGREEMENT

**14.01**   Either Side May Terminate the Agreement.  Plaintiff and Defendant shall each have the right to unilaterally terminate this Agreement by providing written notice of her or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

a.      the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

20

28732622

b.    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

c.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that is material, unless such modification or amendment is accepted in writing by all Parties;

d.    the Effective Date does not occur; or

e.    any other ground for termination provided for elsewhere in this Agreement occurs.

**14.02**  <u>Termination if Large Number of Opt–Outs</u>.  If, as of the Opt-Out Deadline, more than 2,000 Settlement Class Members have opted-out of the Settlement pursuant to Section 10, Wells Fargo shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

**14.03**  <u>Revert to Status Quo</u>.  If either Plaintiff or Defendant terminate this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to Wells Fargo, but such payments shall constitute recoverable costs to the extent allowed by law.

## XV.    <u>NO ADMISSION OF LIABILITY</u>

**15.01**  Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the Action.  Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein shall constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that classes may be certified in the Action, other

21

than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Wells Fargo or of the truth of any of the allegations in the Action; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Wells Fargo in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

    **15.02**  Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

**XVI.**    <u>**TAXES**</u>

    **16.01**  <u>Qualified Settlement Fund</u>. The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B 1. The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section 13, including, if necessary, the "relation back election" (as defined in Treas. Reg. §1.468B 1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

    **16.02**  <u>Claims Administrator is "Administrator"</u>. For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as

22

the "administrator" of the Settlement Fund. The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B 2(k)). Such returns shall reflect that all Taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

16.03  <u>Taxes Paid by Administrator</u>. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Wells Fargo or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Claims Administrator from the Settlement Fund.

16.04  <u>Expenses Paid from Fund</u>. Any expenses reasonably incurred by the Claims Administrator in carrying out its duties, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund.

16.05  <u>Responsibility for Taxes on Distribution</u>. Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

16.06  <u>Defendant Is Not Responsible</u>. In no event shall Wells Fargo or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold Wells Fargo and the other Released Parties harmless for all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## XVII.   MISCELLANEOUS

17.01  <u>Entire Agreement</u>. This Agreement and the exhibits hereto constitute the entire

23

28732622

agreement between the Parties.  Any previous memoranda regarding settlement are superseded by this Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

    **17.02**  <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of Georgia.

    **17.03**  <u>Non-Waiver Of Debts/Obligations Owing By Class Members</u>.  The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by Plaintiff or Settlement Class Members to Defendant and/or their clients, principals and their related or affiliated entities.  This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Plaintiff or Settlement Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendant and their clients, principals and their related or affiliated entities.  The Settlement and any and all payments to class members that may arise from the settlement shall in no way re-trigger/re-activate the statute of limitations for any alleged debts that class members may owe Wells Fargo.

    **17.04**  <u>Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

    **17.05**  <u>No Construction Against Drafter</u>.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

    **17.06**  <u>Resolution of Disputes</u>.  The Parties shall cooperate in good faith in the administration of this Settlement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

    **17.07**  <u>Counterparts</u>.  This Agreement may be signed in counterparts and the separate

24

signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**17.08**   <u>Time Periods</u>.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**17.09**   <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**17.10**   <u>No Oral Modifications</u>.  This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

**17.11**   <u>Publicity and Confidentiality</u>.  Subject to Section 8.06, the Parties agree that they will not initiate any publicity of the Settlement and will not respond to requests by any media (whether print, online, or any traditional or non-traditional form) about the Settlement.  Notice of the Settlement will be delivered exclusively through the notice process set forth in Section 8, above.

**17.12**   <u>Notices</u>.  Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

If to Class Counsel:

      Alexander H. Burke
      Burke Law Offices LLC
      155 North Michigan Avenue, Suite 9020
      Chicago, Illinois 60601
      Telephone: (312) 729-5288
      aburke@burkelawllc.com

      Daniel M. Hutchinson
      Lieff Cabraser Heimann & Bernstein, LLP
      275 Battery Street, 29th Floor
      San Francisco, CA 94111-3339
      Telephone: (415) 956-1000
      dhutchinson@lchb.com

      Aaron D. Radbil
      Michael L. Greenwald
      Greenwald Davidson Radbil PLLC

28732622

5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
aradbil@gdrlawfirm.com
mgreenwald@gdrlawfirm.com

<u>If to counsel for Defendant</u>

John C. Lynch
David M. Gettings
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
John.lynch@troutmansanders.com
David.gettings@troutmansanders.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to
be executed, dated as of July 29, 2016.

DATED: 7-29-16                    Plaintiff Kenisha Cross

DATED: _____           Defendant Wells Fargo Bank, N.A.

                                 Name: _____

                                 Title: _____

APPROVED AS TO FORM AND CONTENT:

DATED: _____           TROUTMAN SANDERS LLP

                                 By: _____
                                     John C. Lynch
                                     David M. Gettings
                                     Attorneys for Defendant Wells Fargo

26

28732622

5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 826-5477
aradbil@gdrlawfirm.com
mgreenwald@gdrlawfirm.com

If to counsel for Defendant

John C. Lynch
David M. Gettings
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
John.lynch@troutmansanders.com
David.gettings@troutmansanders.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2016.

DATED: _____          Plaintiff Kenisha Cross

                                    _____

DATED: _8/3/16_____              Defendant Wells Fargo Bank, N.A.

                                    Name: _Craig R. Bradery_

                                    Title: _EVP + Deputy General Counsel_

APPROVED AS TO FORM AND CONTENT:

DATED: _____          TROUTMAN SANDERS LLP

                                    By: _____
                                        John C. Lynch
                                        David M. Gettings
                                        Attorneys for Defendant Wells Fargo

26

DATED: _____  BURKE LAW OFFICES, LLC

By: _____
    Alexander Holmes Burke
    Class Counsel

DATED. _____  LIEFF CABRASER HEIMANN &
BERNSTEIN LLP

By. _____
    Daniel M. Hutchinson
    Class Counsel

DATED: _____  GREENWALD DAVIDSON RADBIL PLLC

By: _____
    Aaron D. Radbil
    Michael L. Greenwald
    Class Counsel

DATED: _____  SKAAR & FEAGLE

By: _____
    James M. Feagle
    Class Counsel

DATED: _____  KEOGH LAW, LTD.

By: _____
    Keith James Keogh
    Class Counsel

DATED· _____  MEYER WILSON CO., LPA

By: _____

27

28732622

DATED: _____          BURKE LAW OFFICES, LLC


                                          By: _____
                                               Alexander Holmes Burke
                                               Class Counsel


DATED: _____July 29, 2016_____          LIEFF CABRASER HEIMANN &
                                          BERNSTEIN LLP

                                          By: _____
                                               Daniel M. Hutchinson
                                               Class Counsel


DATED: _____          GREENWALD DAVIDSON RADBIL PLLC


                                          By: _____
                                               Aaron D. Radbil
                                               Michael L. Greenwald
                                               Class Counsel


DATED: _____          SKAAR & FEAGLE


                                          By: _____
                                               James  M. Feagle
                                               Class Counsel


DATED: _____          KEOGH LAW, LTD.


                                          By: _____
                                               Keith James Keogh
                                               Class Counsel


DATED: _____          MEYER WILSON CO., LPA


                                          By: _____

27

28732622

DATED: _____        BURKE LAW OFFICES. LLC


                                        By: _____
                                             Alexander Holmes Burke
                                             Class Counsel


DATED: _____        LIEFF CABRASER HEIMANN &
                                        BERNSTEIN LLP


                                        By: _____
                                             Daniel M. Hutchinson
                                             Class Counsel


DATED: _July 28, 2016_____        GREENWALD DAVIDSON RADBIL PLLC


                                        By: _____
                                             Aaron D. Radbil
                                             Michael L Greenwald
                                             Class Counsel


DATED: _____        SKAAR & FEAGLE


                                        By: _____
                                             James M. Feagle
                                             Class Counsel


DATED: _____        KEOGH LAW, LTD.


                                        By: _____
                                             Keith James Keogh
                                             Class Counsel


DATED: _____        MEYER WILSON CO., LPA


                                        By: _____

                                           27

28732622

DATED: _____          BURKE LAW OFFICES, LLC

                                  By: _____
                                      Alexander Holmes Burke
                                      Class Counsel

DATED: _____          LIEFF CABRASER HEIMANN &
                                  BERNSTEIN LLP

                                  By: _____
                                      Daniel M. Hutchinson
                                      Class Counsel

DATED: _____          GREENWALD DAVIDSON RADBIL PLLC

                                  By: _____
                                      Aaron D. Radbil
                                      Michael L. Greenwald
                                      Class Counsel

DATED. _____          SKAAR & FEAGLE

                                  By. _____
                                      James M. Feagle
                                      Class Counsel

DATED: _____          KEOGH LAW, LTD.

                                  By: _____
                                      Keith James Keogh
                                      Class Counsel

DATED: _____          MEYER WILSON CO., LPA

                                  By _____

27

DATED: _____          BURKE LAW OFFICES, LLC


                                  By: _____
                                       Alexander Holmes Burke
                                       Class Counsel


DATED: _____          LIEFF CABRASER HEIMANN &
                                  BERNSTEIN LLP


                                  By: _____
                                       Daniel M. Hutchinson
                                       Class Counsel


DATED: _____          GREENWALD DAVIDSON RADBIL PLLC


                                  By: _____
                                       Aaron D. Radbil
                                       Michael L. Greenwald
                                       Class Counsel


DATED: _____          SKAAR & FEAGLE


                                  By: _____
                                       James M. Feagle
                                       Class Counsel


DATED: _____          KEOGH LAW, LTD.


                                  By: _____
                                       Keith James Keogh
                                       Class Counsel


DATED: 7/28/16                    MEYER WILSON CO., LPA


                                  By: _____
                                       Matthew R. Wilson
                                       Class Counsel

28732622                                         27

Matthew R. Wilson
Class Counsel

28

# EXHIBIT A

**Claim Form**
**Cross v. Wells Fargo Bank, N.A.**

(This claim form should only be used if a claim is being mailed in and is not being filed online at www.CrossWellsFargoTCPA.com or through the telephone claim filing services at 1-866-565-7718.)

---

## NAME

First Name: _____

Last Name: _____

---

## CURRENT ADDRESS AND PHONE NUMBER

Street Address 1: _____

Street Address 2: _____

City: _____

State: _____

Postal Code / Zip Code: _____

Current Phone Number:  _____

---

## CLAIM ID NUMBER

Claim ID (if known; this number can be found on the front of the Postcard sent, above your name): _____

---

## CELL PHONE NUMBER

Cell Phone Number on which you received a call:  _____

(Your cell phone number must be listed in our records as one of the phone numbers that was called by Wells Fargo Bank, N.A. and included as part of the settlement. If you are not certain which of your cell phone numbers may have been called, you may submit each of them separately.)

---

## CERTIFICATION

By submitting this Claim Form, I certify that I received a call or text on the cell phone number above in connection with an overdraft of a Wells Fargo deposit account without my prior express consent.

---

**Please submit your completed claim form, postmarked no later than [date] to:**
**Cross Wells Fargo TCPA Settlement, c/o Garden City Group, P.O. Box 10302, Dublin, OH 43017-5902**

EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Kenisha Cross, on behalf of herself and all others similarly situated, | Case No. 1:15-cv-01270-RWS |
| Plaintiff, | CLASS ACTION |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on [DATE], notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Settlement Agreement dated July 29, 2016, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order.  The terms of this Court's

Preliminary Approval Order are also incorporated by reference in this Order.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> **SETTLEMENT CLASS**:  All users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period, in connection with overdrafts of deposit accounts, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.
>
> Excluded from the Settlement Class are Defendant and any affiliate or subsidiary of Defendant, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

3.      The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, and Wells Fargo.

4.      The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy

Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by the Settlement Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

8. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel.

9. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

10. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class

Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

11.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Wells Fargo, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or

in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

13.     If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14.     In the event that any provision of the Settlement or this Order is asserted by Wells Fargo as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and

agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15.    The Court shall address counsel's application for fees and costs, as well as the Plaintiff's request for an incentive award, in a separate Order.

16.    Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.

17.    The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.


    IT IS SO ORDERED

Dated:_____    _____
                               Hon. Richard W. Story
                               United States District Court Judge

EXHIBIT C-1

<u>United States District Court for the Northern District of Georgia</u>

**IF YOU RECEIVED A CALL OR TEXT FROM WELLS FARGO ON YOUR CELLULAR TELEPHONE IN CONNECTION WITH AN OVERDRAFT OF A DEPOSIT ACCOUNT BY MEANS OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR AN ARTIFICIAL OR PRERECORDED VOICE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiff brought a lawsuit alleging that Wells Fargo Bank, N.A. ("Wells Fargo") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* by using an automatic telephone dialing system and/or an artificial or prerecorded voice to place calls or send texts to cell phones ("Automatic Calls") in connection with overdrafts of deposit accounts, and that these Automatic Calls were made without the prior express consent of Class Members. Wells Fargo denies the allegations.

- A settlement has been reached in this case and affects individuals who received an Automatic Call regarding a Wells Fargo deposit account between April 21, 2011 and December 19, 2015.

- The Settlement, if approved, would provide $30,446,022.75 to pay valid and timely claims of those persons who received any of the above-described Automatic Calls from Wells Fargo, as well as to pay Plaintiff's attorneys' fees, a service award to the class representative, and administrative costs of the settlement; avoid the further cost and risk associated with continuing the lawsuit; and release Wells Fargo from further liability.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

- **On the website, www.CrossWellsFargoTCPA.com, there is a complete notice of the settlement in Spanish.  En el sitio web, www.CrossWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español.  Para un operador telefónico de habla español, llame al 1-866-565-7718.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You can submit a valid and timely claim form online at www.CrossWellsFargoTCPA.com, or by mail to Cross Wells Fargo TCPA Settlement, c/o Garden City Group, P.O. Box 10302, Dublin, OH 43017-5902, or by calling the toll-free number, 1-866-565-7718. If you fail to do so, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue Wells Fargo separately regarding the legal claims in this case. |
| **Exclude Yourself OR "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against Wells Fargo with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**........................................................................................................**PAGE 4**
1.   Why is there a notice?
2.   What is this class action lawsuit about?
3.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ...................................................................................... **PAGE 5**
4.   How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ............................................................. **PAGE 5**
5.   What does the Settlement provide?

**HOW YOU GET A PAYMENT** ...........................................................................................**PAGE 6**
6.   How and when can I get a payment?
7.   What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................................**PAGE 7**
8.   How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ............................................................................ **PAGE 8**
9.   Do I have a lawyer in this case?
10.  How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** ................................................................................**PAGE 8**
11.  How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING** .............................................................................. **PAGE 9**
12.  When and where will the Court decide whether to approve the Settlement?
13.  May I speak at the hearing?

**IF YOU DO NOTHING** .....................................................................................................**PAGE 9**
14.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ...................................................................................**PAGE 10**
15.  How do I get more information?

# BASIC INFORMATION

## 1. Why is there a notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because, according to Wells Fargo's records, you may have received one or more Automatic Calls from Wells Fargo in connection with an overdraft of a Wells Fargo deposit account between April 21, 2011 and December 19, 2015.

The Court in charge of the case is the United District Court for the Northern District of Georgia, and the case is known as *Cross v. Wells Fargo Bank, N.A.,* Case No. 1:15-cv-01270 (N.D. Ga.). The proposed Settlement would resolve all claims in this case. The person who sued is called the Plaintiff, and the company sued, Wells Fargo Bank, N.A., is called the Defendant and is referred to in this Notice as "Wells Fargo."

## 2. What are these class action lawsuits about?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Representative Plaintiff filed this case alleging that Wells Fargo violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call or text cell phones without the prior express consent of the recipients.

Wells Fargo denies that it did anything wrong, or that this case is appropriate for treatment as a class action.

## 3. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Representative Plaintiff and her attorneys think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT?

## 4. How do I know if I am part of the Settlement?

The Settlement provides relief for all Class Members, who are described as all users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period, in connection with overdrafts of deposit accounts, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.

Excluded from the Class are Defendant; its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; and, any member of the judges' staffs and immediate families.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-866-565-7718 or visit www.CrossWellsFargoTCPA.com for more information.

# THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What does the Settlement provide?**

Wells Fargo has agreed to pay a total settlement amount of $30,446,022.75 which will be used to create a Settlement Fund to pay Settlement Awards to Class Members who submit a valid and timely claim, pay Plaintiff's attorneys' fees and costs, pay a service award to the Representative Plaintiff, and pay costs and expenses of settlement administration.

Any remaining monies from uncashed Settlement Awards may be redistributed in a second distribution to Class Members who submitted a valid and timely claim. However, if a second distribution would result in less than $1 per qualifying claimant, the remaining monies will instead be donated to [cy pres recipient agreed upon by the parties prior to the dissemination of class notice].

# HOW YOU GET A PAYMENT

**6. How and when can I get a payment?**

Each Class Member who submits a valid and timely Claim Form will receive a Settlement Award. A Settlement Award is a cash payment. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $25 to $70. Eligible Class Members may make one claim.

Claims may be submitted electronically at info@CrossWellsFargoTCPA.com, or by calling the toll-free number 1-(866)-565-7718, or by mail to:

   Cross Wells Fargo TCPA Settlement, c/o Garden City Group, P.O. Box 10302, Dublin, OH 43017-5902

The Court will hold a hearing on _____, 2016 to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**7. What am I giving up to get a payment or stay in the Class?**

If you are a Class Member, unless you exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo about the legal issues in this case and all of the decisions and judgments by the Court will bind you.

For non-emergency calls or text messages made using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. However, Wells Fargo has denied that it made any illegal calls or sent any illegal texts to anyone, and in any future lawsuit it will have a full range of potential defenses, including that it had prior express consent to make the calls. In addition, please note that the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This settlement permits class members the opportunity to obtain a smaller amount of money, risk-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Wells Fargo from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Class means that you, as well as your respective assigns, executors, administrators, successors and agents, will release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). You further agree that you and they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which you may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims.

"Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with overdrafts of Wells Fargo deposit accounts during the Class Period. Released Claims include the claims of Wells Fargo deposit account holders and non-account holders who are members of the Settlement Class. Notwithstanding the above, the Parties agree that any claims related to Calls made in an attempt to collect any debts other than those allegedly owed for a Wells Fargo deposit account are not released.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt-out of the Settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Wells Fargo on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

**8. How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Cross v. Wells Fargo Bank, N.A.,* Case No. 1:15-cv-01270-RWS (N.D. Ga.). Be sure to include your full name, address, and telephone number. You must also include a statement that you wish to be excluded from the Settlement. **You must mail your exclusion request postmarked no later than MONTH  DAY], 2016** to:

Cross Wells Fargo TCPA Settlement
c/o Garden City Group
P.O. Box 10302
Dublin, OH 43017-5902

If you ask to be excluded, you will not get any Settlement Award and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Wells Fargo in the future.  Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

## THE LAWYERS REPRESENTING YOU

**9. Do I have a lawyer in this case?**

The Court appointed the following law firms to represent you and other Class Members:

Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; and Greenwald Davidson Radbil PLLC have been designated as co-lead counsel. Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart have been designated as additional class counsel.

All of these lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

**10. How will the lawyers and class representatives be paid?**

Class Counsel will ask the Court to approve payment of up to $9,133,806.82 (30% of the Settlement Fund) to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also request an award of $15,000 to the Class Representative, in compensation for her time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs may be filed, and must be postmarked, no later than [_____] which is XXXX days following the filing of Class Counsel's motion for an award of attorneys' fees and costs.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**11. How do I tell the Court that I do not think the Settlement is fair?**

You can tell the Court that you don't agree with the Settlement or some part of it. If you are a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the proposed Settlement in *Cross v. Wells Fargo Bank, N.A.,* Case No. 1:15-cv-01270-RWS (N.D. Ga.). Be sure to include your full name, address, telephone number, the reasons you object to the Settlement and whether you intend to appear at the fairness hearing on your own behalf or through counsel. All objections shall identify any lawyer that represents you as to the Action or your objection.  Any documents that you wish for the Court to consider must also be attached to the objection. **Your objection to the Settlement must be postmarked no later than [MONTH DAY], 2016**.

The objection must be mailed to the following:

| | |
|---|---|
| *Cross v. Wells Fargo Bank, N.A.*<br>Case No. 1:15-cv-01270-RWS (N.D. Ga.).<br>Clerk of the Court<br>U.S. District Court for the<br>Northern District of Georgia<br>2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303 | Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |
| Cross Wells Fargo TCPA Settlement<br>c/o Garden City Group<br>P.O. Box 10302<br>Dublin, OH 43017-5902 | Troutman Sanders<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, VA 23462 |

# THE FAIRNESS HEARING

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held on           ,           , 2016 at the United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom           . The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and an incentive award as described above, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

### 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Cross v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01270-RWS (N.D. Ga.). Be sure to include your full name, address, telephone number, and the case number (1:15-cv-01270-RWS). Your letter stating your notice of intention to appear must be postmarked no later than           , 2016 and be sent to the Clerk of the Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You cannot speak at the hearing if you exclude yourself.

# IF YOU DO NOTHING

### 14. What happens if I do nothing at all?

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement and any appeals are resolved. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wells Fargo about the legal issues in this case ever again.

# GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-866-565-7718, writing to: Cross Wells Fargo TCPA Settlement, c/o Garden City Group, P.O. Box 10302, Dublin, OH 43017-5902, or visiting the website at www.CrossWellsFargoTCPA.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

On the website, www.CrossWellsFargoTCPA.com, there is a complete notice of the settlement in Spanish. En el sitio web, www.CrossWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español.

# EXHIBIT C-2

**Address Side of Card:**

**LEGAL NOTICE**

Cross v. Wells Fargo Bank, N.A.

Case No. 1:15-cv-1270-RWS (N.D. Ga.)


If you received a call or text message on your cell phone from Wells Fargo between April 21, 2011 and December 19, 2015, your rights could be affected by a class action settlement.

A settlement has been proposed in the lawsuit named above, which is pending in the United States District Court for the Northern District of Georgia ("Court").

Who Is Included?

You are included in the Settlement as a "Class Member" if: (1) you live in the United States; and (2) you received one or more calls or texts to your cellular telephone from Wells Fargo Bank, N.A. in connection with overdrafts of deposit accounts during the Class Period, which is April 21, 2011 to December 19, 2015.

*NSTR1-1234567*

John Doe

123 Main Street

Los Angeles, CA 91111

**Back of post card:**

**What Is The Case About?:** The lawsuit claims that Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo"), violated a law called the Telephone Consumer Protection Act by calling or sending non-emergency texts to cell phones without prior express consent using an automatic telephone dialing system or artificial or prerecorded voice technology in connection with overdrafts of deposit accounts during the Class Period, which is April 21, 2011 to December 19, 2015. Wells Fargo denies that it broke the law and denies doing anything wrong.

**Summary of the Settlement:** Under the Settlement, which must be approved by the Court, Wells Fargo has agreed to establish a Settlement Fund of $30,446,022.75 to: pay all Class Members who make valid and timely claims; pay a service award of no more than $15,000 to the class representative; pay attorneys' fees and costs awarded by the Court (plaintiffs will ask the Court to award fees and costs of up to 30% of the Settlement Fund, or $9,133,806.82); and pay settlement administration costs of no more than $2,995,000. Any remaining monies from uncashed settlement checks may be redistributed in a second distribution to qualified claimants or paid to a non-profit charity. This is a summary notice only and additional details of the Settlement terms can be found at www.CrossWellsFargoTCPA.com or by calling 1-866-565-7718.

**Can I Get Money from the Settlement?** Yes, each Class Member who submits a valid and timely Settlement Claim will receive a cash award. How much each Class Member receives will depend on how many people make claims that are approved. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $25 to $70.

**How Do I Make A Settlement Claim?** You can make a claim by either: 1) calling 1-866-565-7718; 2) by making a claim online at www.CrossWellsFargoTCPA.com; or 3) by mailing a completed Claim Form downloaded from the Settlement website to the address of the Settlement Administrator shown below. To make a claim, you will be required to provide 1) your name; 2) your current address for mailing a check; 3) the Claim ID number on this postcard, if available; 4) the cellular phone number on which you were called; 5) a certification that you received a call or text in connection with an overdraft of a Wells Fargo deposit account without your prior express consent and 6) a contact telephone number.

**Do I Have a Lawyer?** Yes. The Court has appointed lawyers from the following firms to represent Class Members: Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; and Greenwald Davidson Radbil PLLC have been appointed co-lead counsel, and Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart have been designated as additional class counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance through your own attorney if you so desire.

**What Should I Do?** You should get more information about the Settlement to make a decision about what you should do.

As a Class Member, you have four options:

(1) You can submit a Claim to the Settlement Administrator to request a share of the Settlement Fund by MONTH DAY, 2016. If the settlement is approved, you will be bound by the Court's decisions in the lawsuit.  You will not have the right to sue separately about the issues in the lawsuit.

(2) You can remain a Class Member but object to the Settlement.  To do so, you must send a letter (not an email) identifying yourself as a Class Member, stating your name, address, telephone number, and the reasons for your objection, and indicating whether you intend to appear at the final fairness hearing on your own behalf or through counsel.  You must also identify any lawyer that represents you as to this case or the objection, if applicable.  Your objection and any documents that you wish for the Court to consider must be sent to Class Counsel, defense counsel, and the Court and be postmarked no later than MONTH DAY, 2016. You may choose to pay for and be represented by a lawyer who may send the objection for you. See the website for additional requirements if you intend to appear at the hearing.

(3) You can exclude yourself from the Settlement by mailing a request form to the Settlement Administrator (not the Court).  You must state in writing your name, address, and telephone number and state that you want to be excluded from the settlement.  That request must be postmarked no later than MONTH DAY, 2016.

(4) Do Nothing: if you do nothing, you will remain part of the Settlement Class and will release your claims against the released parties, but you will not receive any money from this settlement.

Scheduled Hearing: The U.S. District Court, Northern District of Georgia, located in Courtroom 2105, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, will conduct a hearing on whether to give final approval to the Settlement, and if so, will determine what fees and expenses should be awarded to Class Counsel and whether an incentive payment should be awarded to the Class Representative who brought this action.  The hearing is presently scheduled for _____, 2016, but may be changed without notice.

For more information, contact the Settlement Administrator:

Visit: www.CrossWellsfargoTCPA.com

Call: 1-866-565-7718

Or Write: Cross Wells Fargo TCPA Settlement, c/o Garden City Group, P.O. Box 10302, Dublin, OH 43017-5902

Para ver este aviso en español, visite www.CrossWellsFargoTCPA.com

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Kenisha Cross, on behalf of herself and all others similarly situated, | Case No. 1:15-cv-01270-RWS |
| Plaintiff, | CLASS ACTION |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

## [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING

This matter having come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff Kenisha Cross, individually and on behalf of the Settlement Class ("Plaintiff"), and Defendant Wells Fargo Bank, N.A. ("Defendant") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement").  Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.     The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

2.     Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3.     The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness.  Based on this evaluation, the Court finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted.  Therefore, the Court grants preliminary approval of the Settlement.

4.     The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period, in connection with overdrafts of deposit accounts, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.
>
> Excluded from the Settlement Class are Defendant and any affiliate or subsidiary of Defendant, and any entities in which any of such companies have a controlling

interest, as well as all persons who validly opt out of the Settlement Class.

5.      The Court hereby appoints Kenisha Cross as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.      The Court appoints Lieff Cabraser Heimann & Bernstein, LLP, Burke Law Offices, LLC, and Greenwald Davidson Radbil PLLC as co-lead Class Counsel, and Meyer Wilson Co., LPA, Skaar & Feagle, LLP, Keogh Law Ltd., Kazerouni Law Group, APC, Law Offices of Douglas J. Campion, APC, and Hyde & Swigart as additional Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      On **[MONTH DAY], 2016**, in courtroom 2105 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive award to Plaintiff, should be granted, and in what amount.  No later than **[MONTH DAY], 2016**, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive awards to the Class Representatives.  No later than **[MONTH DAY], 2016**, which is fourteen (14) days prior to the Final

Approval Hearing,  Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections.  Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than **[MONTH DAY], 2016**.

8.     Pursuant to the Agreement, Garden City Group is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

9.     The Court approves the proposed Notice Plan for giving notice to the Settlement Class (i) directly (using post cards), (ii) through publication and an online media campaign; (iii) through a toll-free telephone number; (iv) through a press release; and (v) by establishing a Settlement Website at the web address of www.CrossWellsFargoTCPA.com, as more fully described in the Agreement.  The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.  The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than **[MONTH DAY], 2016**, in accordance with the terms of the Agreement.

10.     The Claims Administrator will file with the Court by no later than **[MONTH DAY], 2016**, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and

4

this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11.     Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **[MONTH DAY], 2016**, which are both sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out.  If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

12.     To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline.  In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) at which the Settlement Class Member alleges he or she received a call from Defendant, and must state in writing that he or she wishes to be excluded from the Settlement.  No Request for Exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class; however, nothing herein shall

prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

13.     If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

14.     All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

15.     To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline.  In the written Objection, the Settlement Class Member must state his or her full name, address, and cellular telephone number(s) that the Settlement Class Member alleges received a call from Defendant.  He or she must also state the reasons for his or her Objection, and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection.  Any and all objections shall identify any lawyer that represents the Settlement Class Member as to the case or such objection.  No Objection will be valid unless all of the information described above is included.

Copies of all papers filed with the Court must be simultaneously delivered to Class Counsel and counsel for the Defendant. The Parties will have the right to depose any objector to assess whether the objector has standing.

16.     If a Settlement Class Member does not submit a written comment on the proposed Settlement or the application of Class Counsel for attorneys' fees and expenses and the incentive awards in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendant's Counsel no later than the Objection/Opt-Out Deadline, and comply with all other requirements of the Court for such an appearance.

17.     Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action. All members of the Settlement Class, except those members of the

Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

18.     Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

19.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

20.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of

common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

21.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

22.     Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **[MONTH DAY], 2016** [25 calendar days after the date of this order] | Deadline to Provide Class Notice |
| **[MONTH DAY], 2016** [30 days after the | Deadline for Plaintiff's Motion for Attorneys' Fees and Incentive Award |

| Settlement Notice Date, adjusted for the weekend] | |
|---|---|
| **[MONTH DAY], 2016** [60 days after the Settlement Notice Date] | Deadline for Class Members to file Objections or submit Requests for Exclusion |
| **[MONTH DAY], 2016** [14 days before the Final Approval Hearing] | Deadline for Parties to File the Following:<br>(1) List of Class Members who Made Timely and Proper Requests for Exclusion;<br>(2) Proof of Class Notice and CAFA Notice (to be filed by the Administrator); and<br>(3) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **[MONTH DAY], 2016** [90 days after the Settlement Notice Date] | Deadline for Settlement Class Members to Submit a Claim Form |
| **[MONTH DAY], 2016 at [TIME]** | Final Approval Hearing |

SO ORDERED.


Dated:_____          _____

                                       Hon. Richard W. Story
                                       United States District Court Judge