Exhibit "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| KENISHA CROSS, on behalf of herself and others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>               Defendant. | Case No.  1:15-cv-01270-RWS<br><br>CLASS ACTION |

**DECLARATION OF STEPHEN J. CIRAMI
REGARDING IMPLEMENTATION OF NOTICE PROGRAM**

I, STEPHEN J. CIRAMI, hereby declare and state as follows:

**INTRODUCTION**

1.    I am the Executive Vice President and Chief Operating Officer of the Garden City Group, LLC ("GCG").  Over the past 13 years at GCG, I have handled a wide range of historic complex legal administrations, including mass tort settlements, human rights administrations, product liability settlements, antitrust matters, DOJ disgorgements, SEC Fair Funds, and ERISA, wage and hour, and insurance-related matters. I have particular expertise identifying solutions for cases

involving high volume and inaccurate or dated data, and those requiring specialized class member identification demands.

2. The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently about these issues.

3. GCG has a considerable amount of expertise in class action administration and the development of notice programs. In its history of over 30 years, our team has served as administrator for over 3,200 settlements. GCG has mailed over 300 million notices, disseminated hundreds of millions of emails, handled over 33 million phone calls, and distributed over $63 billion in compensation.

4. Pursuant to Section 2.10 of the Settlement Agreement and Release (the "Agreement"),[1] which the Court preliminarily approved on September 13, 2016 ("Amended Approval Order"), GCG was appointed as the Claims Administrator.

5. Pursuant to Section 7.01 of the Agreement, GCG's duties include, among other items, (i) obtaining from Wells Fargo Bank the name and mailing addresses for Settlement Class Members, (ii) updating mailing addresses received through the National Change of Address ("NCOA") database, (iii) sending Notice

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Agreement.

to Settlement Class Members, and remailing returned notices to the extent updated address information can be obtained; (iv) establishing and maintaining a post office box for written communications and a toll-free number for telephone communications; (v) effecting Publication Notice, (vi) establishing and maintaining a Settlement website; (vii) processing claims; and (viii) providing reports to Class Counsel and Wells Fargo Counsel on all claims status and settlement website.

6.      I submit this Declaration in order to advise the Parties and the Court as to compliance with the Notification Process as set forth in the Agreement and Amended Approval Order.

## CAFA NOTICE

7.      Pursuant to Sections 2.04 and 8.07 of the Agreement, and in compliance with the requirements of 28 U.S.C. § 1715, on August 19, 2016, GCG served upon all required government officials written notice of the Settlement Agreement.  The notice included a compact disc containing an electronic copy of the (i) Class Action Complaint and Jury Demand (Docket 1), (ii) Answer to Complaint (Docket 12), (iii) Plaintiff's Unopposed Motion for Preliminary approval of the Parties' Class Action Settlement (Docket 45), (iv) Plaintiff's Memorandum in Support of Her Unopposed Motion for Preliminary Approval of Parties' Class Action Settlement (Docket 45-1) including exhibits thereto; as well

as instructions for how to download the documents electronically from the Court's ECF system.  Attached hereto as **Exhibit A** is a copy of the CAFA Notice cover letter and Service List.  GCG sent the CAFA Notice cover letter and accompanying CD by Federal Express overnight delivery service and confirmed delivery for each addressee.  The delivery confirmation sheet is attached hereto as **Exhibit B**.

## ADMINISTRATION AND NOTIFICATION PROCESS

8.     The Administration and Notification Process ("Notification Process"), pursuant to the Agreement, targeted the universe of Settlement Class Members defined in the Amended Approval Order Paragraph 4 as:

> All users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period, in connection with overdrafts of deposit accounts, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.
>
> Excluded from the Class are Defendant; its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; and, any member of the judges' staffs and immediate families. As well as all persons who validly opt out of the Settlement Class.

9.     The Notification Process included the following components:

- Mailing of Settlement Notice via first class mail to known Settlement Class Members;

**DECLARATION OF STEPHEN J. CIRAMI**
**CASE NO. 1:15-cv-01270-RWS**

- Publication Notice through banner ads posted on the Yahoo! Audience Network;

- Internet Notice through a dedicated Settlement Website where the Class Notice, Claim Form, Agreement, Amended Approval Order, and related Court documents are posted; and

- A toll-free telephone helpline (866-565-7718) where Settlement Class Members can obtain relevant Settlement information regarding the Settlement as well as to file claims.

## MAILING OF SETTLEMENT NOTICE

10.     Pursuant to Section 7.02 of the Agreement, on September 8, 2016, Defendant's Counsel provided GCG with 11,047,263 data records for potential Settlement Class Members (the "Class List").  After removing duplicate records, the Class List contained 8,977,856 unique records.  GCG loaded the data into a database created specifically for the Settlement.  On October 7, 2016, GCG updated mailing addresses of Settlement Class Members using the National Change of Address database ("NCOA").  The NCOA resulted in 57,118 mailing address updates.

11.     At Class Counsel's direction, where GCG could identify multiple individuals with the same mailing address, a single postcard notice was mailed to

the attention of all known Settlement Class Members at that address.  Accordingly 4,515,553 records were combined into 1,940,194 unique mailing records.

12.     Pursuant to Section 8.02 of the Agreement, GCG caused 6,385,439 postcards to be mailed to Settlement Class Members on October 17, 2016.  A copy of the postcard notice is attached hereto as **Exhibit C**.

13.     As of January 22, 2017, 158,071 Mail Notices have been returned to GCG by the U.S. Postal Service with forwarding address information.  Mail Notices returned by the U.S. Postal Service with forwarding address information were promptly re-mailed to the updated addresses provided.

14.     As of January 22, 2017, 1,622,539 Mail Notices have been returned to GCG by the U.S. Postal Service without forwarding address information. GCG conducted an advanced address search on Mail Notices returned without forwarding address information, and subsequently re-mailed 894,363 Mail Notices.

15.     In total, 5,657,263 mailed postcard notices have not been ultimately returned as undeliverable.  Based on this information, over 88% of the total Class size of 6,385,439 received Notice.   For purposes of this Declaration, this percentage is the total direct mail reach.

## PUBLICATION NOTICE

16.     Pursuant to Section 8.03 of the Agreement, GCG designed and conducted a nationwide publication website-based notice program.   The

Publication Notice occurred through banner ads posted on the Yahoo! Audience Network commencing on October 17, 2016 and running through November 13, 2016.   A screenshot of the banner advertisement as it appeared on Yahoo! Audience Network is attached hereto as **Exhibit D**.

| Internet | Total Targeted Impressions | Run Dates |
|---|---|---|
| Yahoo! Audience Network | 47,072,762 | October 17 – November 13, 2016 |

17.     By measuring the reach of the internet banner advertisements and the direct mail component of the Notice Program, I calculated an estimated reach of 95% of potential Settlement Class Members with a frequency of 1.11 times.

## PRESS RELEASE

18.     Pursuant to Section 8.06 of the Agreement, GCG issued a neutrally worded press release to facilitate Settlement Class Members learning about the Settlement through internet searches, and to provide instructions on how they may obtain additional information about the Settlement.   The press release was distributed on October 17, 2016, over PR Newswire's US1 newsline and National Hispanic newslines in substantially the same form as the mailed Settlement Notice. US1 press releases are distributed to over 15,000 media outlets, including newspapers, magazines, national wire services, television, radio and online media in all 50 states.   The Hispanic newsline reaches over 7,000 U.S. Hispanic media

contacts including online placement of approximately 100 Hispanic websites nationally.  The combined release resulted in 256 pick-ups by media outlets. A copy of the press release is attached hereto as is **Exhibit E**.

## SETTLEMENT WEBSITE

19.    Pursuant to Section 8.04 of the Agreement, GCG established and maintains a website for this Settlement (www.CrossWellsFargoTCPA.com) to provide information to Settlement Class Members and answer frequently asked questions.  Settlement Class Members can use the Settlement Website to file online claims.  Screenshots of the online Claim Form are attached hereto as **Exhibit F**. Users of the Settlement Website can also review the Agreement, Class Notice, Amended Approval Order, and such other documents as Class Counsel and Defendants' Counsel agree to post or that the Court orders posted on the website. A copy of the Class Notice is attached hereto as **Exhibit G**. The Settlement Website has been operational since October 17, 2016, and is accessible 24 hours a day, seven days a week. As of January 22, 2017 the Settlement Website has received 204,824 visits.

## TOLL-FREE SETTLEMENT HOTLINE

20.    Pursuant to Section 8.05 of the Agreement, in addition to establishing and maintaining a Settlement Website, GCG also established and continues to maintain a toll-free telephone number (866-565-7718) where callers are able to obtain

information and have questions answered about the Settlement. This toll-free telephone number was set up on October 17, 2016, and continues to be accessible 24 hours a day, seven days a week. Settlement Class Members who called the toll-free telephone number also had the option to file a claim over the phone. As of January 22, 2017, the toll-free telephone number has received 69,490 calls.

## CLAIMS

21.     Pursuant to Sections 9.01 and 9.02 of the Agreement, Settlement Class Members wishing to participate in the Settlement are required to mail a Claim Form to the Claims Administrator, file a claim on the Settlement Website, or file a claim over the phone so that it was postmarked or received by January 16, 2017. A copy of the paper Claim Form is attached hereto as **Exhibit H**.

22.     As of January 22, 2017, GCG has received a total of 439,036 claims. Of the 439,036 claims received, GCG has identified and removed 10,803 duplicate claim submissions for a total of 428,233 claims from unique Class Members. The unique claim submissions include 276,767 timely claim forms via mail, 133,621 timely claims submitted via the Settlement Website, and 17,824 timely claims filed via the toll-free number. In addition to the timely claims, 21 claims were received and postmarked after the January 16, 2017 deadline.[2]

---

[2] As GCG is still processing and reviewing claims, the information provided herein is preliminary and subject to further analysis and quality control and is intended only for informational purposes at this time.

23.     If the Court approved the requested attorneys' fees and name plaintiff incentive award, the average payment to each Claimant will be over $42. As the claim deadline was January 16, 2017, GCG anticipates receipt of additional claims.

24.     GCG is in the process of conducting an audit of all claims. GCG maintains a Proprietary Watch List ("Watch List"), which is GCG's internal database of known frequent and/or potentially fraudulent filers. If GCG detects any fraudulent claims, GCG will remove them, which could result in a slightly higher average payment to each Claimant.

## OPT-OUT REQUESTS

25.     Pursuant to Section 10.01 of the Agreement, any member of the Settlement Class who wished to exclude themselves from the Settlement Class must have advised the Claims Administrator in writing of that intent, and their opt out request must have been postmarked no later than December 16, 2016. As of January 22, 2017, GCG has received 69 timely opt out requests and 7 late opt out request. Of the 69 timely opt out requests received, five (5) class members also submitted a timely claim. Attached hereto as **Exhibit I** is a list of the Settlement Class Members who have submitted opt-out requests.

## OBJECTIONS

26.     Pursuant to Section 10.03 of the Agreement, any Settlement Class Member who intended to object to the fairness of the Settlement must have filed a

written objection with the Court by December 16, 2016. As of January 22, 2017, GCG has received 5 Settlement Class Member objections. GCG has not received a claim from Susan Purcell.

## **CONCLUSION**

27.     As noted above, all components of the Notification Process outlined in the Agreement have been completed.  The method of combining mail notice with internet banner advertisements is a cost effective method to reach this Class.

28.     This Notice Process reached approximately 89% of the target class.  Accordingly, it is my professional opinion that the Notice Program satisfied due process and the applicable rules governing class actions.

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct.

Executed this 23rd day of January 2017 in Lake Success, New York.

_____
       STEPHEN J. CIRAMI

# Exhibit A



888-404-8013 | gardencitygroup.com
1531 Utah Avenue S., Suite 600, Seattle, WA 98134

August 19, 2016

**VIA FEDERAL EXPRESS**

United States Attorney General
And State Officials Identified
in the Attached Exhibit A

Re:   **CAFA Notice of Proposed Class Action Settlement**
      ***Cross v. Wells Fargo Bank, N.A.***
      **Civ. No. 1:15-cv-01270-RWS.**

Dear Sir or Madam:

In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the Garden City Group, LLC ("GCG") on behalf of Defendant, provides this notice relating to the proposed settlement of the lawsuit entitled *Cross v. Wells Fargo Bank, N.A.,* United States District Court for the Northern District of Georgia, Atlanta Division, Civ. No. 1:15-cv-01270-RWS (Hon. Richard W. Story, presiding).

On August 11, 2016, the Plaintiff's Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement was filed with the Court. Please take notice that the Preliminary Approval Hearing for the Settlement has not yet been scheduled.  There are also no other judicial hearings currently scheduled.

In accordance with CAFA, please find enclosed a CD containing copies of the following documents:

1. Class Action Complaint and Jury Demand (Docket 1);

2. Answer to Complaint (Docket 12);

3. Plaintiff's Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement (Docket 45);

4. Plaintiff's Memorandum in Support of Her Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement (Docket 45-1);

1



5. Declaration of Aaron D. Radbil with Settlement Agreement and Release (Docket 45-2);

6. Declaration of Stephen J. Cirami Regarding Notice and Settlement Administration (Docket 45-3);

7. [Proposed] Order (1) Conditionally Certifying A Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval (Docket 45-4)

These documents are also available online via the federal Public Access to Court Electronic Records ("PACER") system, available at http://www.pacer.gov/.

CAFA also requires a defendant, "if feasible," to provide "the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement." It is not feasible to provide all of this information. Consistent with 28 U.S.C. § 1715(b)(7), we are providing you with a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.

Defendants are represented by John C. Lynch, Esq., and David M. Gettings Esq., Troutman Sanders LLP. Should you have any questions regarding this notice or any of the enclosed information, please feel free to contact Mr. Lynch or Mr. Gettings directly at Troutman Sanders LLP, 222 Central Park Ave., Suite 2000, Virginia Beach, Virginia 23462.

Best regards,

Lori Castaneda
Vice President, Operations
GCG
1531 Utah Ave South, Suite 600
Seattle, WA 98134
1-888-404-8013

Enclosures

cc:   Counsel for Defendants (without Enclosures)
      Class Counsel (without Enclosures)

Attorney General for Alaska
1031 W. 4th Avenue
Suite 200
Anchorage, AK  99501
(907) 269-5100

Attorney General for Alabama
501 Washington Avenue
Montgomery, AL  36104
(334) 242-7300

Attorney General for Arkansas
323 Center St., Suite 200
Little Rock, AR  72201
(501) 682-2007

Attorney General for Arizona
1275 W. Washington St.
Phoenix, AZ  85007
(602) 542-5025

CAFA Coordinator
Office of the Attorney General
Consumer Law Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA  94102
(415) 703-5500

Attorney General for Colorado
Ralph L. Carr Judicial Building
1300 Broadway, 10th Fl
Denver, CO  80203
(720) 508-6000

Attorney General for Connecticut
55 Elm St.
Hartford, CT  06106
(860) 808-5318

Attorney General for DC
One Judiciary Square
441 4th St. NW
Washington, DC  20001
(202) 727-3400

Attorney General for Delaware
Carvel State Office Bldg.
820 N. French St.
Wilmington, DE  19801
(302) 577-8400

Attorney General for Florida
The Capitol PL-01
Tallahassee, FL  32399
(850) 414-3300

Attorney General for Georgia
40 Capitol Square SW
Atlanta, GA  30334
(404) 656-3300

Attorney General for Hawaii
425 Queen St.
Honolulu, HI  96813
(808) 586-1500

Attorney General for Iowa
1305 E Walnut St
Hoover State Office Building
Des Moines, IA  50319
(515) 281-5164

Attorney General for Idaho
700 W. Jefferson St.
Suite 210
Boise, ID  83720
(208) 334-2400

| | |
|---|---|
| Attorney General for Illinois<br>500 South Second Street<br>Springfield, IL  62706<br>(217) 782-1090 | Attorney General for Indiana<br>Indiana Government Center South<br>302 W. Washington St, 5th Floor<br>Indianapolis, IN  46204<br>(317) 232-6201 |
| Attorney General for Kansas<br>120 SW 10th Ave., 2nd Fl.<br>Topeka, KS  66612<br>(785) 296-2215 | Attorney General for Kentucky<br>700 Capitol Avenue<br>Suite 118<br>Frankfort, KY  40601<br>(502) 696-5300 |
| Attorney General for Louisiana<br>1885 North 3rd St., 6th Floor<br>Baton Rouge, LA  70802<br>(225) 326-6000 | Office of Massachusetts<br>Attorney General<br>ATTN: CAFA Coordinator<br>1 Ashburton Pl.<br>Boston, MA  02108<br>(617) 727-2200 |
| Attorney General for Maryland<br>200 St. Paul Pl.<br>Baltimore, MD  21202<br>(410) 576-6300 | Attorney General for Maine<br>6 State House Station<br>Augusta, ME  04333<br>(207) 626-8800 |
| Attorney General for Michigan<br>G. Mennen Williams Bldg., 7th Fl.<br>525 W. Ottawa St.<br>Lansing, MI  48909<br>(517) 373-1110 | Attorney General for Minnesota<br>1400 Bremer Tower<br>445 Minnesota St.<br>St. Paul, MN  55101<br>(651) 296-3353 |
| Attorney General for Missouri<br>Supreme Court Building<br>207 W High St.<br>Jefferson City, MO  65101<br>(573) 751-3321 | Attorney General for Mississippi<br>Walter Sillers Bldg.<br>550 High St., Ste. 1200<br>Jackson, MS  39201<br>(601) 359-3680 |
| Attorney General for Montana<br>Justice Building, 3rd Fl.<br>215 North Sanders<br>Helena, MT  59601<br>(406) 444-2026 | Attorney General for North Carolina<br>114 West Edenton Street<br>Raleigh, NC  27603<br>(919) 716-6400 |

Attorney General for North Dakota
State Capitol
600 E. Blvd. Ave., Dept. 125
Bismarck, ND  58505
(701) 328-2210

Attorney General for Nebraska
2115 State Capitol
Lincoln, NE  68509
(402) 471-2683

Attorney General for New Hampshire
33 Capitol St.
Concord, NH  03301
(603) 271-3658

Attorney General for New Jersey
HJC, 8th Floor, West Wing
25 Market Street
Trenton, NJ  08625
(609) 292-4925

Attorney General for New Mexico
408 Galisteo St.
Villagra Bldg.
Santa Fe, NM  87501
(505) 827-6000

Attorney General for Nevada
100 N. Carson St.
Carson City, NV  89701
(775) 684-1100

Attorney General for New York
The Capitol
Albany, NY  12224
(800) 771-7755

Attorney General for Ohio
30 E. Broad St., 14th Floor
Columbus, OH  43215
(614) 466-4986

Attorney General for Oklahoma
313 NE 21st St.
Oklahoma City, OK  73105
(405) 521-3921

Attorney General for Oregon
Oregon Department of Justice
1162 Court St. NE
Salem, OR  97301
(503) 378-4400

Attorney General for Pennsylvania
16th Floor, Strawberry Square
Harrisburg, PA  17120
(717) 787-3391

Attorney General for Rhode Island
150 S. Main St.
Providence, RI  02903
(401) 274-4400

Attorney General for South Carolina
Rembert Dennis Bldg
1000 Assembly St., Room 519
Columbia, SC  29201
(803) 734-3970

Attorney General for South Dakota
1302 E. Hwy. 14, Suite 1
Pierre, SD  57501
(605) 773-3215

Attorney General for Tennessee
Cordell Hull Building, Ground Floor
425 5th Ave. N.
Nashville, TN  37243
(615) 741-3491

Attorney General for Texas
300 W. 15th St.
Austin, TX  78701
(512) 463-2100

Attorney General for Utah
Utah State Capitol Complex
350 N. State St., Suite 230
Salt Lake City, UT  84114
(800) 244-4636

Attorney General for Virginia
202 North Ninth St
Richmond, VA  23219
(804) 786-2071

Attorney General for Vermont
109 State St.
Montpelier, VT  05609
(802) 828-3171

Attorney General for Washington
1125 Washington St. SE
Olympia, WA  98504
(360) 753-6200

Attorney General for Wisconsin
114 East State Capitol
Madison, WI  53702
(608) 266-1221

Attorney General for West Virginia
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV  25305
(304) 558-2021

Attorney General for Wyoming
2424 Pioneer Ave  3rd FL
Pioneer Building
Cheyenne, WY  82002
(307) 777-7886

Edificio Principal del Depto. De Justicia
Piso 11, 601 Calle Olimpo
Esquina Axtmayer, Parada 11
San Juan, PR  00907
(787) 721-7771

Exhibit B

| Carrier | Tracking No. or Nickname | Shipper city, state | Ship (P/U) date | Status | Recipient city, state | Delivery date | Signature image |
|---|---|---|---|---|---|---|---|
| FedEx | 682222380837 | Seattle, WA | 8/19/2016 | Delivered | Helena, MT | 8/22/2016 | YES |
| FedEx | 682222380848 | Seattle, WA | 8/19/2016 | Delivered | Raleigh, NC | 8/22/2016 | YES |
| FedEx | 682222380859 | Seattle, WA | 8/19/2016 | Delivered | Bismarck, ND | 8/22/2016 | YES |
| FedEx | 682222380860 | Seattle, WA | 8/19/2016 | Delivered | Lincoln, NE | 8/22/2016 | YES |
| FedEx | 682222380870 | Seattle, WA | 8/19/2016 | Delivered | Concord, NH | 8/22/2016 | YES |
| FedEx | 682222380881 | Seattle, WA | 8/19/2016 | Delivered | Trenton, NJ | 8/22/2016 | YES |
| FedEx | 682222380892 | Seattle, WA | 8/19/2016 | Delivered | Santa Fe, NM | 8/22/2016 | YES |
| FedEx | 682222380973 | Seattle, WA | 8/19/2016 | Delivered | Columbia, SC | 8/22/2016 | YES |
| FedEx | 682222380984 | Seattle, WA | 8/19/2016 | Delivered | Pierre, SD | 8/22/2016 | YES |
| FedEx | 682222380995 | Seattle, WA | 8/19/2016 | Delivered | Nashville, TN | 8/22/2016 | YES |
| FedEx | 682222381009 | Seattle, WA | 8/19/2016 | Delivered | Austin, TX | 8/22/2016 | YES |
| FedEx | 682222381010 | Seattle, WA | 8/19/2016 | Delivered | Salt Lake City, UT | 8/22/2016 | YES |
| FedEx | 682222381020 | Seattle, WA | 8/19/2016 | Delivered | Richmond, VA | 8/22/2016 | YES |
| FedEx | 682222381031 | Seattle, WA | 8/19/2016 | Delivered | Montpelier, VT | 8/22/2016 | YES |
| FedEx | 682222380561 | Seattle, WA | 8/19/2016 | Delivered | Washington, DC | 8/22/2016 | YES |
| FedEx | 682222380572 | Seattle, WA | 8/19/2016 | Delivered | Anchorage, AK | 8/22/2016 | YES |
| FedEx | 682222380583 | Seattle, WA | 8/19/2016 | Delivered | Montgomery, AL | 8/22/2016 | YES |
| FedEx | 682222380594 | Seattle, WA | 8/19/2016 | Delivered | Little Rock, AR | 8/22/2016 | YES |
| FedEx | 682222380609 | Seattle, WA | 8/19/2016 | Delivered | Phoenix, AZ | 8/22/2016 | YES |
| FedEx | 682222380610 | Seattle, WA | 8/19/2016 | Delivered | San Francisco, CA | 8/22/2016 | YES |
| FedEx | 682222380620 | Seattle, WA | 8/19/2016 | Delivered | Denver, CO | 8/22/2016 | YES |
| FedEx | 682222380631 | Seattle, WA | 8/19/2016 | Delivered | Hartford, CT | 8/22/2016 | YES |
| FedEx | 682222380642 | Seattle, WA | 8/19/2016 | Delivered | Washington, DC | 8/22/2016 | NO |
| FedEx | 682222380653 | Seattle, WA | 8/19/2016 | Delivered | Wilmington, DE | 8/22/2016 | YES |
| FedEx | 682222380664 | Seattle, WA | 8/19/2016 | Delivered | Tallahassee, FL | 8/22/2016 | YES |
| FedEx | 682222380675 | Seattle, WA | 8/19/2016 | Delivered | Atlanta, GA | 8/22/2016 | YES |
| FedEx | 682222380686 | Seattle, WA | 8/19/2016 | Delivered | Honolulu, HI | 8/22/2016 | YES |
| FedEx | 682222380697 | Seattle, WA | 8/19/2016 | Delivered | Des Moines, IA | 8/22/2016 | YES |
| FedEx | 682222380701 | Seattle, WA | 8/19/2016 | Delivered | Boise, ID | 8/22/2016 | YES |
| FedEx | 682222380712 | Seattle, WA | 8/19/2016 | Delivered | Springfield, IL | 8/22/2016 | YES |
| FedEx | 682222380723 | Seattle, WA | 8/19/2016 | Delivered | Indianapolis, IN | 8/22/2016 | YES |
| FedEx | 682222380734 | Seattle, WA | 8/19/2016 | Delivered | Topeka, KS | 8/22/2016 | YES |
| FedEx | 682222380745 | Seattle, WA | 8/19/2016 | Delivered | Frankfort, KY | 8/22/2016 | YES |
| FedEx | 682222380756 | Seattle, WA | 8/19/2016 | Delivered | Baton Rouge, LA | 8/22/2016 | YES |
| FedEx | 682222380767 | Seattle, WA | 8/19/2016 | Delivered | Boston, MA | 8/22/2016 | YES |
| FedEx | 682222380778 | Seattle, WA | 8/19/2016 | Delivered | Baltimore, MD | 8/22/2016 | YES |
| FedEx | 682222380789 | Seattle, WA | 8/19/2016 | Delivered | Augusta, ME | 8/22/2016 | YES |
| FedEx | 682222380790 | Seattle, WA | 8/19/2016 | Delivered | Lansing, MI | 8/22/2016 | YES |
| FedEx | 682222380804 | Seattle, WA | 8/19/2016 | Delivered | St. Paul, MN | 8/22/2016 | YES |
| FedEx | 682222380815 | Seattle, WA | 8/19/2016 | Delivered | Jefferson City, MO | 8/22/2016 | YES |
| FedEx | 682222380826 | Seattle, WA | 8/19/2016 | Delivered | Jackson, MS | 8/22/2016 | YES |
| FedEx | 682222380907 | Seattle, WA | 8/19/2016 | Delivered | Carson City, NV | 8/22/2016 | YES |
| FedEx | 682222380918 | Seattle, WA | 8/19/2016 | Delivered | Albany, NY | 8/22/2016 | YES |
| FedEx | 682222380929 | Seattle, WA | 8/19/2016 | Delivered | Columbus, OH | 8/22/2016 | YES |
| FedEx | 682222380930 | Seattle, WA | 8/19/2016 | Delivered | Oklahoma City, OK | 8/22/2016 | YES |
| FedEx | 682222380940 | Seattle, WA | 8/19/2016 | Delivered | Salem, OR | 8/22/2016 | YES |
| FedEx | 682222380951 | Seattle, WA | 8/19/2016 | Delivered | Harrisburg, PA | 8/22/2016 | YES |
| FedEx | 682222380962 | Seattle, WA | 8/19/2016 | Delivered | Providence, RI | 8/22/2016 | YES |
| FedEx | 682222381042 | Seattle, WA | 8/19/2016 | Delivered | Olympia, WA | 8/22/2016 | YES |
| FedEx | 682222381053 | Seattle, WA | 8/19/2016 | Delivered | Madison, WI | 8/22/2016 | YES |
| FedEx | 682222381064 | Seattle, WA | 8/19/2016 | Delivered | Charleston, WV | 8/22/2016 | YES |
| FedEx | 682222381075 | Seattle, WA | 8/19/2016 | Delivered | Cheyenne, WY | 8/22/2016 | YES |
| FedEx | 682222381101 | SEATTLE, WA | 8/19/2016 | Delivered | SAN JUAN, PR | 8/22/2016 | YES |

Exhibit C

**Wells Fargo Deposit Account TCPA Settlement Claim Form**
**THIS CLAIM FORM MUST BE <u>POSTMARKED</u> BY JANUARY 16, 2017 AND MUST BE FULLY COMPLETED.**
**You may also submit your claim online at <u>WWW.CROSSWELLSFARGOTCPA.COM</u> or by calling 1-866-565-7718.**

Full Name:

Address:

City:                                    State:        Zip:              Zip 4 (optional):

Contact Phone Number:                    Cell Phone Number On Which You Received A Call:

(     )      -                          (     )      -

(Your cellphone number must be listed in our records as one of the phone numbers that was called by Wells Fargo Bank, N.A. and included as part of the settlement. If you are not certain which of your cellphone numbers may have been called, you may submit each of them separately.)

**CERTIFICATION**

By submitting this Claim Form, I certify that I received a call or text regarding a Wells Fargo deposit account without my prior express consent.

This process takes time, please be patient.

<u>**Para ver este aviso en español, visite WWW.CROSSWELLSFARGOTCPA.COM;**</u>
**For more information, visit WWW.CROSSWELLSFARGOTCPA.COM**

## LEGAL NOTICE

*Cross v. Wells Fargo*, 15-cv-1270-RWS
(N.D. Ga)

<u>A settlement</u> has been proposed in this lawsuit pending in U.S. District Court for the Northern District of Georgia ("Court").

<u>This case claims</u> that Wells Fargo Bank, N.A. ("Wells Fargo") violated the Telephone Consumer Protection Act by calling or sending texts to cellphones without prior express consent using an automatic telephone dialing system or an artificial or prerecorded voice in connection with overdrafts of deposit accounts. Wells Fargo denies that it did anything wrong.

<u>Who Is Included</u>? You are included in the Settlement as a "Class Member" if: (1) you live in the United States; and (2) you received one or more calls or texts to your cellular telephone from Wells Fargo Bank, N.A. in connection with overdrafts of deposit accounts during the Class Period, which is April 21, 2011 to December 19, 2015.

**Cross v. Wells Fargo Bank, N.A.**
**c/o GCG**
**P.O. Box 10302**
**Dublin, OH 43017-5902**

**Forwarding Service Requested**

1234567890



Claim ID: 1234567890

Confirmation No: WF2011111111

JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA 67890

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

## BUSINESS REPLY MAIL
FIRST–CLASS MAIL    PERMIT NO. 75    DUBLIN, OH

POSTAGE WILL BE PAID BY ADDRESSEE

WELLS FARGO TCPA SETTLEMENT
C/O GCG
P.O. BOX 10302
DUBLIN OH 43017–9823

*Cross v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01270-RWS (N.D. Ga.) **You might get a payment from this Settlement**
**Summary of the Settlement**: Under the proposed Settlement, Wells Fargo has agreed to establish a Settlement Fund of $30,446,022.75 to: pay Class Members who make valid and timely claims; pay a service award of no more than $15,000 to the class representative; pay attorneys' fees and costs awarded by the Court (plaintiffs will ask the Court to award fees and costs of up to 30% of the Settlement Fund, or $9,133,806.82); and pay settlement notice and administration costs. Any remaining monies from uncashed settlement checks may be redistributed or paid to a non-profit charity; with the proposed recipient(s) to be posted on the settlement website. This is a summary notice only and additional details of the Settlement terms can be found at www.CrossWellsFargoTCPA.com or by calling 1-866-565-7718. **Can I Get Money from the Settlement?** Yes, each Class Member who submits a valid and timely Settlement Claim will receive a cash award. How much each Class Member receives depends on how many people make approved claims. Class Counsel estimates that the amount of the cash award may be within the range of $25 to $70. **How Do I Make A Settlement Claim?** You can make a claim by either: 1) calling 1-866-565-7718; 2) submitting one online at www.CrossWellsFargoTCPA.com; or 3) mailing a completed Claim Form downloaded from the Settlement website to the GCG address below. **Do I Have a Lawyer?** Yes. The Court has appointed lawyers from the following firms to represent Class Members: Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; and Greenwald Davidson Radbil PLLC have been appointed co-lead counsel, and Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart have been designated as additional class counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance through your own attorney if you so desire. **What Should I Do?** Class Members have four options: (1) Submit a Claim to the Settlement Administrator for a share of the Settlement Fund by January 16, 2017. If the settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. (2) Remain a Class Member but object to the Settlement. Instructions for objecting are available at www.CrossWellsFargoTCPA.com. Objections and supporting documents must be sent to Class Counsel, defense counsel, and the Court and be postmarked by December 16, 2016. You may choose to pay for and be represented by a lawyer who may send the objection for you. (3) Exclude yourself from the Settlement by mailing a request form to the Settlement Administrator (not the Court). You must state in writing your name, address, and telephone number and state that you want to be excluded from the settlement. Exclusions must be postmarked no later than December 16, 2016. (4) Do Nothing: if you do nothing, you will remain part of the Settlement Class and will release your claims against the released parties, but you will not receive any money from this settlement. **Scheduled Hearing**: The judge scheduled a hearing for February 7, 2017, at 9:30 a.m., in Courtroom 2105 of the U.S. District Court, Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs and class representative award. The hearing may be changed without notice. **For more information,** contact the Settlement Administrator: Visit: www.CrossWellsFargoTCPA.com  Call: 1-866-565-7718 Or Write: Cross Wells Fargo TCPA Settlement Claims Administrator, c/o GCG, P.O. Box 10302, Dublin, OH 43017-5902.

**Formulario de Reclamación del Acuerdo TCPA de la Cuenta Corriente de Wells Fargo**
**ESTE FORMULARIO DE RECLAMACIÓN DEBE CONTENER <u>MATASELLOS</u> PARA EL LUNES,**
**16 DE ENERO DE 2017 Y DEBE COMPLETARSE EN SU TOTALIDAD.**
**También puede enviar la reclamación en línea en <u>WWW.CROSSWELLSFARGOTCPA.COM</u> o a través del**
**siguiente número de teléfono: 1-866-565-7718.**

Nombre completo:

Dirección:

Ciudad:          Estado:    Código postal:    Código postal 4 (opcional):

Número telefónico de contacto:      Número de teléfono celular en el cual recibió una llamada:

( )    -        ( )    -

(Su número de teléfono celular debe incorporarse a nuestra lista de registros como uno de los números telefónicos a los que Wells Fargo Bank, N.A. llamó e incluirse como parte del acuerdo. Si no está seguro de cuál de sus números de teléfono celular puede haber recibido una llamada, puede presentar cada uno de ellos por separado).

**CERTIFICACIÓN**

Al presentar este Formulario de Reclamación, certifico que recibí una llamada o mensaje en relación con una cuenta corriente de Wells Fargo sin previo consentimiento expreso de mi parte.

Este proceso lleva tiempo, le rogamos que tenga paciencia.

<u>Para ver este aviso en español, visite WWW.CROSSWELLSFARGOTCPA.COM</u>

---

**AVISO LEGAL**

*Cross contra Wells Fargo*, 15-cv-1270-RWS
(N.D. Ga)

Se ha propuesto un acuerdo en esta demanda pendiente en el U.S. District Court for the Northern District of Georgia (Tribunal de Distrito de los Estados Unidos para el Distrito Norte de Georgia) ("Tribunal").

El caso reclama que Wells Fargo Bank, N.A. ("Wells Fargo") violó la Telephone Consumer Protection Act (ley estadounidense de protección para los usuarios de servicios telefónicos) al llamar o enviar mensajes a teléfonos celulares sin el previo consentimiento expreso mediante la utilización de un sistema automático de marcación telefónica o una voz artificial o pregrabada en relación con sobregiros de cuentas corriente. Wells Fargo niega haber hecho algo inapropiado.

¿Quiénes están incluidos? Usted está incluido en el Acuerdo como un "Demandante colectivo" si: (1) vive en los Estados Unidos y (2) recibió una o más llamadas o mensajes a su teléfono celular de parte de Wells Fargo Bank, N.A. en relación con sobregiros de cuentas corriente durante el Período de Clase, que es del 21 de abril de 2011 al 19 de diciembre de 2015.

**Cross contra Wells Fargo Bank, N.A.**
**c/o GCG**
**P.O. Box 10302**
**Dublin, OH 43017-5902**

_____

**Envío del servicio solicitado**

*Cross contra Wells Fargo Bank, N.A.*, Caso n.° 1:15-cv-01270-RWS (N.D. Ga.) **Podría obtener un pago por este Acuerdo**

**Resumen del Acuerdo**: En virtud del Acuerdo propuesto, Wells Fargo ha aceptado establecer un Fondo del Acuerdo por un valor de 30.446.022,75 USD para: pagar a los Demandantes colectivos que realizaron reclamaciones válidas y oportunas; pagar la asignación de servicio por un valor máximo de 15.000 USD al representante colectivo; pagar los honorarios y costas de los abogados concedidos por el Tribunal (los demandantes le pedirán al Tribunal que les conceda honorarios y costas de hasta un 30% del Fondo del Acuerdo o 9.133.806,82 USD); y pagar el aviso del acuerdo y los costos de administración. Cualquier dinero restante de cheques del acuerdo no cobrados puede redistribuirse o donarse a una organización benéfica sin fines de lucro; las Partes han elegido a Electronic Frontier Foundation. Este es solo un aviso resumen, se puede encontrar información adicional de los términos del Acuerdo en www.CrossWellsFargoTCPA.com o a través del siguiente número de teléfono: 1-866-565-7718. **¿Puedo obtener dinero del Acuerdo?** Sí, cada Demandante colectivo que presente una Reclamación del Acuerdo válida y oportuna recibirá una asignación en efectivo. La cantidad de dinero que recibe cada Demandante colectivo depende de la cantidad de personas que realicen reclamaciones aprobadas. El Asesor legal del grupo estima que la cantidad de la asignación en efectivo puede estar en un rango de 25 USD a 70 USD. **¿Cómo realizo una Reclamación del Acuerdo?** Puede realizar una reclamación: 1) al llamar a 1-866-565-7718; 2) al presentar una reclamación en línea en www.CrossWellsFargoTCPA.com; o 3) al enviar por correo un Formulario de reclamación completado a la dirección GCG que aparece abajo. **¿Tengo un abogado?** Sí. El Tribunal ha designado abogados de los siguientes estudios para que representen a los Demandantes colectivos: Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; y Greenwald Davidson Radbil PLLC se han designado para liderar la asesoría legal conjuntamente, y Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices de Douglas J. Campion, APC; y Hyde & Swigart se han designado como asesores legales adicionales de los demandantes colectivos. A los abogados se les pagará con dinero del Fondo del Acuerdo. Si lo desea, puede elevar una comparecencia por medio de su abogado. **¿Qué debo hacer?** Los Demandantes colectivos tienen cuatro opciones: (1) Presentar una reclamación al Administrador del Acuerdo para obtener una parte del Fondo del Acuerdo hasta el 16 de enero de 2017. De aprobarse el acuerdo, estará obligado por las decisiones del Tribunal en la demanda. No tendrá el derecho de demandar por separado sobre los problemas en la demanda. (2) Permanecer como un Demandante colectivo pero objetar el Acuerdo. Las instrucciones para la objeción están disponibles en www.CrossWellsFargoTCPA.com. Las objeciones y documentos corroborativos deben enviarse a los Asesores legales del grupo, a los asesores legales de la defensa y al Tribunal, y se les debe colocar el matasellos hasta el 16 de diciembre de 2016. Puede escoger pagar y ser representado por un abogado que puede enviar la objeción en su lugar. (3) Retirarse del Acuerdo enviando por correo un formulario de solicitud al Administrador del Acuerdo (no al Tribunal). Debe manifestar por escrito su nombre, dirección y número telefónico, y afirmar que desea ser excluido del acuerdo. Se le debe colocar el matasellos a las exclusiones antes del viernes, 16 de diciembre de 2016. (4) Hacer nada: si no hace nada, permanecerá como parte del Grupo del Acuerdo y eximirá sus reclamaciones contra las partes eximidas, pero no recibirá ningún dinero de este acuerdo. **Audiencia programada**: El juez programó una audiencia para el 14 de febrero de 2017 a las 9:00 a. m. en la sala del Tribunal 2105 del U.S. District Court, Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, con respecto a si dará aprobación final al Acuerdo, incluidos los montos de los honorarios, costas y asignación representativa del grupo de cualquier abogado. La audiencia puede cambiarse sin aviso. **Para obtener más información,** contacte al Administrador del Acuerdo: visite: www.CrossWellsFargoTCPA.com Llame al: 1-866-565-7718 o escriba a la siguiente dirección: Cross Wells Fargo TCPA Settlement Claims Administrator, c/o GCG, P.O. Box 10302, Dublin, OH 43017-5902.

Exhibit D

# WF2_Stream Ad 1





Exhibit E



# If you received a call or text from Wells Fargo on your cellular telephone in connection with overdrafts of deposit accounts, you could receive a payment from a class action settlement. English ▾

NEWS PROVIDED BY

**Greenwald Davidson Radbil PLLC** ➞

Oct 17, 2016, 09:00 ET

BOCA RATON, Fla., Oct. 17, 2016 /PRNewswire/ -- The following statement is being issued by Greenwald Davidson Radbil PLLC regarding Cross v. Wells Fargo Bank, N.A.

A lawsuit is currently pending claiming that Wells Fargo Bank, N.A., ("Defendant" or "Wells Fargo"), violated the Telephone Consumer Protection Act by calling or sending texts to cellphones without prior express consent. The lawsuit claims Wells Fargo used an automatic telephone dialing system or artificial or prerecorded voice technology to make or initiate calls in connection with overdrafts of deposit accounts during the Class Period, which is April 21, 2011 to December 19, 2015. Wells Fargo denies that it broke the law and denies doing anything wrong.

Under the Settlement, which must be approved by the Court, each Class Member who submits a valid and timely Settlement Claim will receive a cash award. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may range from $25 to $70.

Class Members have four options:

(1) Submit a Claim to the Settlement Administrator to request a share of the Settlement Fund of $30,446,022.75 by January 16, 2017. If the settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. You can make a claim by: 1) calling 1-866-565-7718; 2) filing online at www.CrossWellsFargoTCPA.com; or 3) mailing a completed Claim Form downloaded from the Settlement website to the address of the Settlement Administrator shown below.

(2) Remain a Class Member but object to the Settlement. Your objection and any documents that you wish for the Court to consider must be sent to Class Counsel, defense counsel, and the Court and be postmarked no later than December 16, 2016. You may choose to pay for and be represented by a lawyer who may send the objection for you. See the website for additional requirements if you intend to appear at the hearing.

(3) Exclude yourself from the Settlement by mailing a request form to the Settlement Administrator (not the Court) by December 16, 2016 that includes your name, address, and telephone number, and states that you want to be excluded from the settlement.

(4) Do Nothing. If you do nothing, you will remain part of the Settlement Class and will release your claims against the released parties, but you will not receive any money from this settlement.

The Court has appointed lawyers to represent Class Members. Lieff Cabraser Heimann & Bernstein, LLP, Burke Law Offices, LLC, and Greenwald Davidson Radbil PLLC have been appointed co-lead counsel, and Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart have been designated as additional class counsel. The lawyers will be paid from the Settlement Fund. You may enter an appearance through your own attorney if you so desire.

The U.S. District Court, Northern District of Georgia, located in Courtroom 2105, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303, will conduct a hearing on whether to give final approval to the Settlement, and if so, will determine what fees and expenses should be awarded to Class Counsel and whether an incentive payment should be awarded to the Class Representative who brought this action. The hearing is presently scheduled for February 7, 2017 at 9:30 a.m., but may be changed without notice.

This is only a summary. For more information, visit: www.CrossWellsFargoTCPA.com, call: 1-866-565-7718, or write: Cross Wells Fargo TCPA Settlement, c/o Garden City Group, P.O. Box 10302, Dublin, OH 43017-5902.



Para ver este aviso en español, visite www.CrossWellsFargoTCPA.com

SOURCE Greenwald Davidson Radbil PLLC



# Si usted recibió una llamada o mensaje de texto por parte de Wells Fargo en su teléfono celular en relación con sobregiros de cuentas de depósito, podría recibir un pago derivado de un acuerdo para demanda colectiva. [ Español ▾ ]

NEWS PROVIDED BY
**Greenwald Davidson Radbil PLLC** ➞
Oct 17, 2016, 09:00 ET

BOCA RATÓN, Florida, 17 de octubre de 2016 /PRNewswire-HISPANIC PR WIRE/ --
Las siguientes declaraciones corresponden a Greenwald Davidson Radbil PLLC en el
caso Cross *v.* Wells Fargo Bank, N.A.

Actualmente está pendiente la resolución de una demanda judicial donde se afirma
que Wells Fargo Bank, N.A., ("el Demandado" o "Wells Fargo"), violó la Ley de
Protección al Consumidor de Servicios Telefónicos al llamar o enviar mensajes de
texto a celulares sin consentimiento previo expreso. La demanda señala que Wells
Fargo usó un sistema de marcación telefónica automática o tecnología de voz
pregrabada para realizar o iniciar llamadas relacionadas con sobregiros de cuentas
de depósito durante el Plazo de la Demanda Colectiva, que va del 21 de abril de 2011
al 19 de diciembre de 2015. Wells Fargo niega haber violado la ley y niega haber
incurrido en un comportamiento errado.

Según el Acuerdo, que requiere de la aprobación de la Corte, cada Miembro de la Demanda Colectiva que entregue en tiempo y forma una Petición de Acuerdo recibirá una retribución en efectivo. El abogado de la Demanda Colectiva calcula que el monto de la retribución (si bien depende del número de peticiones) puede situarse entre $25 y $70.

Los Miembros de la Demanda Colectiva tienen cuatro opciones:

(1) Enviar una Petición al Administrador del Acuerdo para solicitar una porción del Fondo del Acuerdo de $30,446,022.75 antes del 16 de enero de 2017. Si se aprueba el Acuerdo, usted quedará sujeto a las decisiones de la Corte en el juicio. No tendrá derecho a demandar por separado en relación con la temática del juicio. Puede presentar una petición: 1) marcando al 1-866-565-7718; 2) presentando un formulario en línea en www.CrossWellsFargoTCPA.com; o 3) enviando por correo un Formulario de Petición que puede descargar del sitio web del Acuerdo a la dirección del Administrador del Acuerdo que aparece más adelante.

(2) Seguir siendo Miembro de la Demanda Colectiva, pero objetar el Acuerdo. Debe enviar su objeción y cualquier documento que desee someter a la consideración de la Corte al Abogado de la Demanda Colectiva, el abogado de la defensa y la Corte, con matasellos fechado a más tardar el 16 de diciembre de 2016. Puede elegir pagar un abogado que lo represente, el cual puede enviar la objeción en su nombre. En el sitio web encontrará los requisitos adicionales para comparecer durante la audiencia.

(3) Excluirse del Acuerdo mediante envío de un formulario de solicitud al Administrador del Acuerdo (no a la Corte) antes del 16 de diciembre de 2016 con su nombre, domicilio y número de teléfono, donde declare que desea excluirse del acuerdo.

(4) No hacer nada. Si usted no hace nada, seguirá siendo parte de la Demanda Colectiva y desahogará sus demandas contra las partes liberadas, pero no recibirá ningún dinero derivado de este acuerdo.

La Corte ha nombrado abogados como representantes de los Miembros de la Demanda Colectiva. Lieff Cabraser Heimann & Bernstein, LLP, Burke Law Offices, LLC, y Greenwald Davidson Radbil PLLC han sido nombrados abogados principales conjuntos, y Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; y Hyde & Swigart han sido designados como abogados adicionales de la demanda colectiva. Los honorarios de los abogados se pagarán del Fondo del Acuerdo. Usted puede comparecer con su propio abogado si así lo desea.



La Corte de Distrito de los Estados Unidos del Distrito Norte de Georgia, ubicada en el Tribunal 2105, de la Corte de los Estados Unidos en 75 Ted Turner Drive, SW, Atlanta, GA 30303, llevará a cabo una audiencia para considerar si aprobará de manera definitiva el Acuerdo y, de ser así, determinará los honorarios y gastos que deberán pagarse al Abogado de la Demanda Colectiva, y si debe otorgarse un pago a modo de incentivo al Representante de la Demanda Colectiva que presentó la demanda. La audiencia está programada para el 7 de febrero de 2017 a las 9:30 a.m., pero podría modificarse sin previo aviso.

Estas declaraciones solo constituyen un resumen. Si desea más información visite: www.CrossWellsFargoTCPA.com, marque al 1-866-565-7718 o escriba a Cross Wells Fargo TCPA Settlement, c/o Garden City Group, P.O. Box 10302, Dublín, OH 43017-5902.

Para ver este aviso en español, visite www.CrossWellsFargoTCPA.com

SOURCE Greenwald Davidson Radbil PLLC

Exhibit F



**GCG**
Garden City Group LLC™

Home

Notice

Claim Form

Frequently Asked Questions

Court Documents

Additional Information

# Cross v. Wells Fargo TCPA Settlement
## www.CrossWellsFargoTCPA.com

### Online Claim Form Submission

Welcome to the *Cross v. Wells Fargo Bank, N.A.* Settlement online Claim Filing. This Claim Form must be submitted no later than **January 16, 2017** to receive a Settlement Award.

You are included in the Settlement as a "Class Member" if:
1. you live in the United States; and
2. you received one or more calls or texts to your cellular telephone from Wells Fargo Bank, N.A. in connection with overdrafts of deposit accounts, using any automated dialing technology or artificial or prerecorded voice technology, accounts during April 21, 2011 to December 19, 2015

**If you also submit a Opt Out request, this Claim Form will be deemed invalid.**

If you received notice about the *Cross v. Wells Fargo Bank, N.A.* Settlement, you have been identified as a Class Member. Please enter the Claim ID Number and Confirmation Number provided on your notice below to begin the claims filing process.

**Claim ID Number**

**Confirmation Number**

If the postcard you received contains multiple names, please log in using the claim number assigned to your name. Please see the example below. All Claim ID numbers on your postcard will use the same Confirmation Number to log in.

Claim ID: 1234567890*, 987654321**
Confirmation No: 456789123
JANE CLAIMANT*
JOHN CLAIMANT**
123 4TH AVE
APT 5
SEATTLE, WA 12345

☐ **I do not have a Claim Number**

☐ I'm not a robot
reCAPTCHA
Privacy - Terms

**Proceed to File a Claim**

🔍 ▾ 🔒 ⟳ | 🌐 Cross v. Wells Fargo TCPA ... ✕

Log In - GCG Call Center (2) 🔵 GCG 20-20 🔵 GCG 20-20 - Universal Mai... 🔵 Tenrox Enterprise Portal - ... 🔵 Citrix XenApp - Search

**GCG**
Garden City Group, LLC®

Home

Notice

Claim Form

Frequently Asked Questions

Court Documents

Additional Information

# Cross v. Wells Fargo TCPA Settlement
## www.CrossWellsFargoTCPA.com

### Online Claim Form Submission

**CONTACT INFORMATION**

Please enter your current address below. It is your responsibility to keep the Claims Administrator aware of any updates or changes to your current address.

**NAME AND ADDRESS**

| | |
|---|---|
| Claimant Name* : | |
| Country* : | ----- SELECT COUNTRY ----- ▾ |
| Mailing Address* : | |
| | |
| | |
| | |
| City* : | |
| State* : | ----- SELECT STATE ----- ▾ |
| Zip* : | |
| Current Phone Number* : | |

[ **Next** ]

| IMPORTANT DATES | YOUR OPTIONS |
|---|---|
| **December 16, 2016**<br>Deadline to file Objections | To Participate in the Settlement, submit a Claim Form ▸ |
| **December 16, 2016**<br>Deadline to Request Exclusion | To find out details about how to exclude yourself from or object to the Settlement, please consult the Notice. ▸ |
| **January 16, 2017**<br>Deadline to Submit a Claim Form | To find out additional details regarding the Settlement, please read the Detailed Notice ▸ |
| **February 7, 2017**<br>Final Approval Hearing | |

📞 1-866-565-7718  ✉ info@CrossWellsFargoTCPA.com  f  in  8+  ✖

Q ▾ ⓘ ⟳  ⬧ Cross v. Wells Fargo TCPA ... ✕

] Log In - GCG Call Center (2)  ⬧ GCG 20-20  ⬧ GCG 20-20 - Universal Mai...  🦊 Tenrox Enterprise Portal - ...  ⬧ Citrix XenApp - Search

**GCG**
Garden City Group, LLC®

Home

Notice

Claim Form

Frequently Asked Questions

Court Documents

Additional Information

# Cross v. Wells Fargo TCPA Settlement
## www.CrossWellsFargoTCPA.com

### Online Claim Form Submission

**CELL PHONE NUMBER**

Please enter the Cell Phone Number on which you received a call below. Your cellphone number must be listed in our records as one of the phone numbers that was called by Wells Fargo Bank, N.A. and included as part of the settlement. If you are not certain which of your cellphone numbers may have been called, you may submit each of them below.

| Cell Phone Number |
| --- |

**Add Another Cell Phone Number (+)**

**CERTIFICATION**

By submitting this Claim Form, I certify that I received a call or text on the cell phone number above in connection with an overdraft of a Wells Fargo deposit account without my prior express consent.

Previous

Submit

| IMPORTANT DATES |
| --- |
| **December 16, 2016**<br>Deadline to file Objections |
| **December 16, 2016**<br>Deadline to Request Exclusion |
| **January 16, 2017**<br>Deadline to Submit a Claim Form |
| **February 7, 2017**<br>Final Approval Hearing |

| YOUR OPTIONS |
| --- |
| To Participate in the Settlement, submit a Claim Form ▸ |
| To find out details about how to exclude yourself from or object to the Settlement, please consult the Notice. ▸ |
| To find out additional details regarding the Settlement, please read the Detailed Notice ▸ |

📞 1-866-565-7718  ✉ info@CrossWellsFargoTCPA.com  🅵 🔗 🅶 🔵

Privacy Notice | © 2016 Garden City Group, LLC All Rights Reserved

Log In - GCG Call Center (2)   GCG 20-20   GCG 20-20 - Universal Mai...   Tenrox Enterprise Portal - ...   Citrix XenApp - Search

**GCG**
Garden City Group, LLC®

Home

Notice

Claim Form

Frequently Asked Questions

Court Documents

Additional Information

## Cross v. Wells Fargo TCPA Settlement
## www.CrossWellsFargoTCPA.com

### Online Claim Form Submission

**CONFIRMATION OF CLAIM FORM SUBMITAL**

Thank you for submitting your *Cross v. Wells Fargo Bank, N.A.* Settlement Claim Form. The details of your submission are below.

**CLAIM INFORMATION**

|  |  |
|---|---|
| **CLAIM NUMBER :** | 20026161 |
| **CLAIMANT NAME :** | TEST |
| **CLAIMANT ADDRESS :** | TEST<br>TEST, WA-11111<br>US |
| **CURRENT TELEPHONE NUMBER :** | (555) 555-5555 |

**PHONE NUMBER(S) PROVIDED**

| Cell Phone Number |
|---|
| (555) 555-5555 |

Print

| IMPORTANT DATES | YOUR OPTIONS |
|---|---|
| **December 16, 2016**<br>Deadline to file Objections | To Participate in the Settlement, submit a Claim Form ▶ |
| **December 16, 2016**<br>Deadline to Request Exclusion | To find out details about how to exclude yourself from or object to the Settlement, please consult the Notice. ▶ |
| **January 16, 2017**<br>Deadline to Submit a Claim Form | To find out additional details regarding the Settlement, please read the Detailed Notice ▶ |
| **February 7, 2017**<br>Final Approval Hearing | |

📞 1-866-565-7718  ✉ info@CrossWellsFargoTCPA.com

Exhibit G

United States District Court for the Northern District of Georgia

**IF YOU RECEIVED A CALL OR TEXT FROM WELLS FARGO ON YOUR CELLULAR TELEPHONE IN CONNECTION WITH AN OVERDRAFT OF A DEPOSIT ACCOUNT BY MEANS OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR AN ARTIFICIAL OR PRERECORDED VOICE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiff brought a lawsuit alleging that Wells Fargo Bank, N.A. ("Wells Fargo") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* by using an automatic telephone dialing system and/or an artificial or prerecorded voice to place calls or send texts to cell phones ("Automatic Calls") in connection with overdrafts of deposit accounts, and that these Automatic Calls were made without the prior express consent of Class Members. Wells Fargo denies the allegations.

- A settlement has been reached in this case and affects individuals who received an Automatic Call regarding a Wells Fargo deposit account between April 21, 2011 and December 19, 2015.

- The Settlement, if approved, would provide $30,446,022.75 to pay valid and timely claims of those persons who received any of the above-described Automatic Calls from Wells Fargo, as well as to pay Plaintiff's attorneys' fees, a service award to the class representative, and administrative costs of the settlement; avoid the further cost and risk associated with continuing the lawsuit; and release Wells Fargo from further liability.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

- **On the website, www.CrossWellsFargoTCPA.com, there is a complete notice of the settlement in Spanish. En el sitio web, www.CrossWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español.  Para un operador telefónico de habla español, llame al 1-866-565-7718.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You can submit a valid and timely claim form online at www.CrossWellsFargoTCPA.com, or by mail to Cross Wells Fargo TCPA Settlement, c/o GCG, P.O. Box 10302, Dublin, OH 43017-5902, or by calling the toll-free number, 1-866-565-7718. If you fail to do so, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue Wells Fargo separately regarding the legal claims in this case. |
| **Exclude Yourself OR "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against Wells Fargo with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION** ...................................................................................................................**PAGE 4**
1.  Why is there a notice?
2.  What is this class action lawsuit about?
3.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** .......................................................................................................**PAGE 4**
4.  How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ....................................................................**PAGE 5**
5.  What does the Settlement provide?

**HOW YOU GET A PAYMENT** .........................................................................................................**PAGE 5**
6.  How and when can I get a payment?
7.  What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...............................................................**PAGE 6**
8.  How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ........................................................................................**PAGE 6**
9.  Do I have a lawyer in this case?
10. How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMEN** ..............................................................................................**PAGE 7**
11. How do I tell the Court that I do not think the Settlement is fair?

**THE FAIRNESS HEARING** .............................................................................................................**PAGE 8**
12. When and where will the Court decide whether to approve the Settlement?
13. May I speak at the hearing?

**IF YOU DO NOTHING** .....................................................................................................................**PAGE 8**
14. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ................................................................................................**PAGE 8**
15. How do I get more information?

**BASIC INFORMATION**

## 1. Why is there a notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because, according to Wells Fargo's records, you may have received one or more Automatic Calls from Wells Fargo in connection with an overdraft of a Wells Fargo deposit account between April 21, 2011 and December 19, 2015.

The Court in charge of the case is the United District Court for the Northern District of Georgia, and the case is known as *Cross v. Wells Fargo Bank, N.A.,* Case No. 1:15-cv-01270 (N.D. Ga.). The proposed Settlement would resolve all claims in this case. The person who sued is called the Plaintiff, and the company sued, Wells Fargo Bank, N.A., is called the Defendant and is referred to in this Notice as "Wells Fargo."

## 2. What are these class action lawsuits about?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Representative Plaintiff filed this case alleging that Wells Fargo violated the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to call or text cell phones without the prior express consent of the recipients.

Wells Fargo denies that it did anything wrong, or that this case is appropriate for treatment as a class action.

## 3. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Representative Plaintiff and her attorneys think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

## 4. How do I know if I am part of the Settlement?

The Settlement provides relief for all Class Members, who are described as all users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period, in connection with overdrafts of deposit accounts, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.

Excluded from the Class are Defendant; its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; and, any member of the judges' staffs and immediate families.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-866-565-7718 or visit www.CrossWellsFargoTCPA.com for more information.

**THE SETTLEMENT BENEFITS - WHAT YOU GET**

| 5. What does the Settlement provide? |
| --- |

Wells Fargo has agreed to pay a total settlement amount of $30,446,022.75 which will be used to create a Settlement Fund to pay Settlement Awards to Class Members who submit a valid and timely claim, pay Plaintiff's attorneys' fees and costs, pay a service award to the Representative Plaintiff, and pay costs and expenses of settlement administration.

Any remaining monies from uncashed Settlement Awards may be redistributed in a second distribution to Class Members who submitted a valid and timely claim. However, if a second distribution would result in less than $1 per qualifying claimant, the remaining monies will instead be donated to the Samuelson Law Clinic.

## HOW YOU GET A PAYMENT

| 6. How and when can I get a payment? |
| --- |

Each Class Member who submits a valid and timely Claim Form will receive a Settlement Award. A Settlement Award is a cash payment. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $25 to $70. Eligible Class Members may make one claim. Claims may be submitted **by no later than January 16, 2017**, electronically at info@CrossWellsFargoTCPA.com, or by calling the toll-free number 1-(866)-565-7718, or by mail to:

Cross Wells Fargo TCPA Settlement
c/o GCG
P.O. Box 10302
Dublin, OH 43017-5902

The Court will hold a hearing on February 7, 2017 at 9:30a.m. to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

| 7. What am I giving up to get a payment or stay in the Class? |
| --- |

If you are a Class Member, unless you exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit against Wells Fargo about the legal issues in this case and all of the decisions and judgments by the Court will bind you.

For calls or text messages made using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. However, Wells Fargo has denied that it made any illegal calls or sent any illegal texts to anyone, and in any future lawsuit it will have a full range of potential defenses, including that it had prior express consent to make the calls. In addition, please note that the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This settlement permits class members the opportunity to obtain a smaller amount of money, risk-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Wells Fargo from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Class means that you, as well as your respective assigns, executors, administrators, successors and agents, will release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). You further agree that you and they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or

contingent, which you may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from the Released Claims.

"Released Claims" mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with overdrafts of Wells Fargo deposit accounts during the Class Period. Released Claims include the claims of Wells Fargo deposit account holders and non-account holders who are members of the Settlement Class. Notwithstanding the above, the Parties agree that any claims related to Calls made in an attempt to collect any debts other than those allegedly owed for a Wells Fargo deposit account are not released.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean. The release does not apply to Class Members who timely opt-out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Wells Fargo on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

| 8. How do I exclude myself from the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Cross v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv-01270-RWS (N.D. Ga.). Be sure to include your full name, address, and telephone number. You must also include a statement that you wish to be excluded from the Settlement. **You must mail your exclusion request postmarked no later than December 16, 2016** to:

Cross Wells Fargo TCPA Settlement
c/o GCG
P.O. Box 10302
Dublin, OH 43017-5902

If you ask to be excluded, you will not get any Settlement Award and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Wells Fargo in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

## THE LAWYERS REPRESENTING YOU

| 9. Do I have a lawyer in this case? |
| --- |

The Court appointed the following law firms to represent you and other Class Members:

Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; and Greenwald Davidson Radbil PLLC have been designated as co-lead counsel. Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices of Douglas J. Campion, APC; and Hyde & Swigart have been designated as additional class counsel.

All of these lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

| 10. How will the lawyers and class representatives be paid? |
|---|

Class Counsel will ask the Court to approve payment of up to $9,133,806.82 (30% of the Settlement Fund) to compensate them for expenses and for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also request an award of $15,000 to the Class Representative, in compensation for her time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs may be filed, and must be postmarked, no later than December 16, 2016, which is 30 days following the filing of the Class Counsel's motion for an award of attorneys' fees and costs.

<h3 style="text-align:center">OBJECTING TO THE SETTLEMENT</h3>

You can tell the Court that you do not agree with the Settlement or some part of it.

| 11. How do I tell the Court that I do not think the Settlement is fair? |
|---|

You can tell the Court that you don't agree with the Settlement or some part of it. If you are a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the proposed Settlement in *Cross v. Wells Fargo Bank, N.A.*, Case No. 1:15-cv- 01270-RWS (N.D. Ga.). Be sure to include your full name, address, telephone number, the reasons you object to the Settlement and whether you intend to appear at the fairness hearing on your own behalf or through counsel. All objections shall identify any lawyer that represents you as to the Action or your objection. Any documents that you wish for the Court to consider must also be attached to the objection. **Your objection to the Settlement must be postmarked no later than December 16, 2016**.

The objection must be mailed to the following:

| | |
|---|---|
| *Cross v. Wells Fargo Bank, N.A.*<br>Case No. 1:15-cv-01270-RWS (N.D. Ga.)<br>Clerk of the Court<br>U.S. District Court for the Northern<br>District of Georgia 2211 United<br>States Courthouse 75 Ted Turner<br>Drive, SW Atlanta, GA 30303 | Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |
| Cross Wells Fargo TCPA Settlement<br>c/o GCG<br>P.O. Box 10302<br>Dublin, OH 43017-5902 | Troutman Sanders<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, VA 23462 |

## THE FAIRNESS HEARING

**12. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held o n  February 7, 2017 at 9:30a.m. at the United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, in Courtroom 2105. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and an incentive award as described above, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

**13. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Cross v. Wells Fargo Bank, N.A.*, Case No. 1:15- cv-01270-RWS (N.D. Ga.). Be sure to include your full name, address, telephone number, and the case number (1:15-cv-01270-RWS). Your letter stating your notice of intention to appear must be postmarked no later than December 16, 2016 and be sent to the Clerk of the Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO  NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement and any appeals are resolved. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wells Fargo about the legal issues in this case ever again.

## GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-866-565-7718, writing to: Cross Wells Fargo TCPA Settlement, c/o GCG, P.O. Box 10302, Dublin, OH 43017-5902, or visiting the website at www.CrossWellsFargoTCPA.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

On the website, www.CrossWellsFargoTCPA.com, there is a complete notice of the settlement in Spanish. En el sitio web, www.CrossWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español.

<u>United States District Court for the Northern District of Georgia</u>
<u>(Tribunal de Distrito de los Estados Unidos para el Distrito Norte de Georgia)</u>

**SI RECIBIÓ EN SU TELÉFONO CELULAR UNA LLAMADA O MENSAJE DE PARTE DE WELLS FARGO RELACIONADO CON UN SOBREGIRO DE UNA CUENTA CORRIENTE MEDIANTE UN SISTEMA AUTOMÁTICO DE MARCACIÓN TELEFÓNICA O UNA VOZ ARTIFICIAL O PREGRABADA, USTED PODRÍA RECIBIR UN PAGO DE UN ACUERDO DE ACCIÓN COLECTIVA.**

*Este aviso fue autorizado por un tribunal federal. No se trata de una solicitación de un abogado.*

• Los demandantes entablaron una demanda alegando que Wells Fargo Bank, N.A. ("Wells Fargo") violó la Telephone Consumer Protection Act (ley estadounidense de protección para los usuarios de servicios telefónicos; "TCPA", por sus siglas en inglés), 47 U.S.C. (Código de los Estados Unidos) § 227, *et seq.* al emplear un sistema automático de marcación telefónica o una voz artificial o pregrabada a fin de realizar llamadas o enviar mensajes a teléfonos celulares ("Llamadas automáticas") relacionados con sobregiros de cuentas corrientes, y que estas Llamadas automáticas se realizaron sin el previo consentimiento expreso de los Demandantes colectivos. Wells Fargo niega las alegaciones.

• En este caso, se ha alcanzado un acuerdo que afecta a los individuos que recibieron una Llamada automática acerca de una cuenta corriente de Wells Fargo entre el 21 de abril de 2011 y el 19 de diciembre de 2015.

• El Acuerdo, de ser aprobado, proporcionaría 30.446.022,75 USD para pagar reclamaciones válidas y oportunas de aquellas personas que recibieron alguna de las ya descriptas Llamadas automáticas de Wells Fargo, así como para pagar los honorarios de los abogados de los Demandantes, una asignación de servicio al representante del grupo y costos administrativos del acuerdo; evitaría el costo adicional y riesgo relacionado con la continuidad de las demandas; y eximiría a Wells Fargo de más responsabilidades.

• **Independientemente de que tome alguna o ninguna acción, sus derechos legales se verán afectados. Lea este aviso atentamente.**

• **En el sitio web, www.CrossWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español. Para un operador telefónico de habla español, llame al 1-866-565-7718.**

| SUS OPCIONES Y DERECHOS LEGALES EN ESTE ARREGLO | |
|---|---|
| **Presentar un Formulario de reclamación** | Esta es la única forma de obtener un pago. Puede enviar un formulario de reclamación válido y oportuno a www.CrossWellsFargoTCPA.com, o por correo postal a Cross Wells Fargo TCPA Settlement, c/o GCG, P.O. Box 10302, Dublin, OH 43017-5902, o por teléfono a través del siguiente número gratuito: 1-866-565-7718. Si no lo hace, no recibirá un pago del acuerdo. |
| **No hacer nada** | No recibe ningún pago. Desiste de cualquier derecho a demandar a Wells Fargo por separado en relación con las reclamaciones legales en este caso. |
| **Retirarse O "no participar" del Acuerdo** | Si solicita ser excluido, no obtendrá ningún pago. Tampoco renunciará a cualquier derecho que pueda tener contra Wells Fargo con respecto a las reclamaciones legales en este caso. |
| **Objetar** | Escríbale al Tribunal sobre el motivo por el que usted piensa que el Acuerdo no fue justo. |
| **Comparecer en una audiencia** | Solicite hablar ante el Tribunal sobre la imparcialidad del Acuerdo. |

Estos derechos y opciones —**y las fechas límite para ejercerlos**— se explican en este aviso.

El Tribunal a cargo de este caso aún no ha decidido si aprobará el Acuerdo. Los pagos se efectuarán en las reclamaciones válidas y oportunas, si el Tribunal aprueba el Acuerdo, y luego de que se haya resuelto cualquier apelación. Le rogamos que tenga paciencia.

| QUÉ CONTIENE ESTA NOTIFICACIÓN |
|---|

**INFORMACIÓN BÁSICA** ................................................................................................. **PÁGINA 4**
1.   ¿Por qué hay un aviso?
2.   ¿De qué se trata esta demanda de acción colectiva?
3.   ¿Por qué hay un Acuerdo?

**QUIÉNES PARTICIPAN EN EL ACUERDO** ........................................................... **PÁGINA 4**
4.   ¿Cómo puedo saber si soy parte del Acuerdo?

**BENEFICIOS DEL ACUERDO: LO QUE OBTIENE**.................................................. **PÁGINA 5**
5.   ¿Qué brinda el Acuerdo?

**CÓMO OBTENER UN PAGO**.................................................................................... **PÁGINA 5**
6.   ¿Cómo y cuándo puedo obtener un pago?
7.   ¿A qué estoy renunciando para obtener un pago o permanecer en el Grupo?

**CÓMO EXCLUIRSE A USTED MISMO DEL ACUERDO**..................................... **PÁGINA 6**
8.   ¿Cómo me retiro del Acuerdo?

**LOS ABOGADOS QUE LO REPRESENTAN** ..................................................... **PÁGINA 7**
9.   ¿Tengo un abogado en este caso?
10.  ¿Cómo se les pagará a los abogados y representantes del grupo?

**CÓMO OBJETAR EL ACUERDO** ........................................................................ **PÁGINA 7**
11.  ¿Cómo le manifiesto al Tribunal que pienso que el Acuerdo no es justo?

**LA AUDIENCIA DE IMPARCIALIDAD**................................................................. **PÁGINA 8**
12.  ¿Cuándo y dónde decidirá el Tribunal si aprueba el Acuerdo?
13.  ¿Puedo hablar en la audiencia?

**SI NO HACE NADA** ................................................................................................ **PÁGINA 8**
14.  ¿Qué pasa si no hago nada en absoluto?

**CÓMO OBTENER MÁS INFORMACIÓN** ............................................................ **PÁGINA 9**
15.  ¿Cómo hago para obtener más información?

**INFORMACIÓN BÁSICA**

| 1. ¿Por qué hay un aviso? |
|---|

Un Tribunal autorizó este Aviso porque usted tiene derecho a saber de un Acuerdo propuesto de esta demanda de acción colectiva y de todas sus opciones antes de que el Tribunal decida si aprobará el Acuerdo. Si el Tribunal aprueba el Acuerdo, y luego de que resuelva cualquier objeción o apelación, un administrador designado por el Tribunal efectuará los pagos que el Acuerdo permita. En virtud de que este Acuerdo afectará sus derechos, es importante que lea este Aviso atentamente.

Si recibió un Aviso en el correo es porque, según los registros de Wells Fargo, usted pudo haber recibido una o más Llamadas automáticas de Wells Fargo relacionadas con un sobregiro de una cuenta corriente de Wells Fargo entre el 21 de abril de 2011 y el 19 de diciembre de 2015.

El Tribunal a cargo del caso es el United District Court for the Northern District of Georgia, y al caso se lo conoce como *Cross contra Wells Fargo Bank, N.A.,* Caso n.° 1:15-cv-01270 (N.D. Ga.). El Acuerdo propuesto resolvería todas las reclamaciones presentadas en este caso. Se denomina Demandante a la persona que entabló la demanda, y a la empresa a la que demandó, Wells Fargo Bank, N.A., se la denomina Acusado y en este Aviso se la menciona como "Wells Fargo".

| 2. ¿De qué se tratan estas demandas de acción colectiva? |
|---|

Una acción colectiva es una demanda en donde se deciden las reclamaciones y derechos de muchas personas en un procedimiento único del tribunal. Los demandantes representativos, también llamados "representantes colectivos", reivindican las reclamaciones en nombre de todo el grupo.

Los Demandantes representativos presentaron este caso alegando que Wells Fargo violó la TCPA mediante la utilización de un sistema automático de marcación telefónica o una voz artificial o pregrabada a fin de llamar o enviar mensajes de texto a teléfonos celulares sin previo consentimiento expreso de los destinatarios.

Wells Fargo niega haber hecho algo malo o que este caso sea adecuado para que se trate como una acción colectiva.

| 3. ¿Por qué hay un Acuerdo? |
|---|

El Tribunal no decidió a favor de los Demandantes o del Acusado. Ambas partes aceptaron un acuerdo en lugar de ir a juicio. De esta manera, se evita el costo de un juicio y las personas afectadas obtendrán una compensación. El Demandante representativo y sus abogados piensan que el Acuerdo es lo mejor para todos los Demandantes colectivos.

**QUIÉNES PARTICIPAN EN EL ACUERDO**

| 4. ¿Cómo puedo saber si soy parte del Acuerdo? |
|---|

El Acuerdo proporciona un alivio para todos los Demandantes colectivos, a quienes se los describe como todos los usuarios o suscriptores a un servicio inalámbrico o celular dentro de los Estados Unidos, que utilizaron o se suscribieron a un número telefónico al cual Wells Fargo realizó o inició una o más llamadas durante el Periodo de Clase, relacionadas con sobregiros de cuentas corrientes, mediante una tecnología automática de marcación telefónica o una tecnología de voz artificial o pregrabada, según los registros disponibles de Wells Fargo.

Se encuentran excluidos del Grupo: el Acusado; sus empresas matrices, filiales o subsidiarias, o cualquier empleado de la misma, y cualquier entidad en la que alguna de dichas empresas tenga un interés mayoritario; el juez o magistrado a quién se le asignó la Acción; y algún participante de esas plantillas de jueces y familiares inmediatos.

Si tiene preguntas acerca de si es un Demandante colectivo, o si todavía no está seguro de si está incluido, puede llamar al 1-866-565-7718 o visitar www.CrossWellsFargoTCPA.com para obtener más información.

**BENEFICIOS DEL ACUERDO: LO QUE OBTIENE**

| 5. ¿Qué brinda el Acuerdo? |
| --- |

Wells Fargo ha aceptado pagar una cantidad total del acuerdo de 30.446.022,75 USD, la cual se utilizará para crear un Fondo de Acuerdo a fin de pagar las Asignaciones del Acuerdo a los Demandantes colectivos que presenten una reclamación válida y oportuna, pagar los honorarios y costas de los abogados de los Demandantes, pagar la asignación de servicio al Demandante representativo y pagar los costos y los gastos de la administración del acuerdo.

Cualquier dinero restante de Asignaciones del Acuerdo no cobradas puede redistribuirse en una segunda distribución a los Demandantes colectivos que presentaron una reclamación válida y oportuna. Sin embargo, si una segunda distribución tuvo como resultado menos de 1 USD por reclamante calificado, el dinero restante se donará a Samuelson Law Clinic.

## CÓMO OBTENER UN PAGO

| 6. ¿Cómo y cuándo puedo obtener un pago? |
| --- |

Cada Demandante colectivo que presente un Formulario de Reclamación válido y oportuno recibirá una Asignación del Acuerdo. Una Asignación del Acuerdo es un pago en efectivo. La cantidad final del pago en efectivo dependerá del número total de reclamaciones válidas y oportunas presentadas por todos los Demandantes colectivos. El Asesor legal del Grupo calcula que la cantidad de la asignación en efectivo (mientras dependa del número de reclamaciones) puede estar en un rango de 25 USD a 70 USD. Los Demandantes colectivos pueden hacer una reclamación.

Las reclamaciones deben presentarse **antes del 16 de enero de 2017**, de manera electrónica a info@CrossWellsFargoTCPA.com, a través del siguiente número gratuito: 1-(866)-565-7718 o por correo a:

Cross Wells Fargo TCPA Settlement
c/o GCG
P.O. Box 10302
Dublin, OH 43017-5902

El Tribunal celebrará una audiencia el 7 de febrero de 2017 a las 9:30 a.m. para decidir si aprueba el Acuerdo. Si este se aprueba, es posible que sigan las apelaciones. En general, no se puede saber con seguridad si las apelaciones podrán resolverse; además, su resolución requiere tiempo, quizás más de un año. Le rogamos que tenga paciencia.

| 7. ¿A qué estoy renunciando para obtener un pago o permanecer en el Grupo? |
| --- |

Si es un Demandante colectivo, a menos que se retire, no puede demandar, continuar una demanda o ser parte de cualquier otra demanda contra Wells Fargo sobre los problemas legales en este caso y todas las decisiones y fallos tomados por el Tribunal lo obligarán.

Para las llamadas o mensajes de texto realizados mediante un sistema automático de marcación telefónica o una voz artificial o pregrabada sin el previo consentimiento expreso de la parte llamada, el TCPA prevé indemnizaciones por daños y perjuicios de 500 USD por violación o hasta 1500 USD por violaciones deliberadas, más un mandato que limita la conducta futura. Sin embargo, Wells Fargo niega haber realizado cualquier llamada ilegal o enviado cualquier mensaje ilegal a nadie, y en cualquier demanda futura tendrá una variedad completa de defensas potenciales, que incluye haber tenido previo consentimiento expreso para realizar las llamadas. Además, tenga en cuenta que la TCPA no prevé los honorarios de los abogados para los demandantes individuales preponderantes. Este acuerdo les brinda a los demandantes colectivos la oportunidad de obtener una menor cantidad de dinero sin ningún riesgo.

Si presenta un Formulario de Reclamación para obtener beneficios o no hace nada en absoluto, no podrá presentar su propia demanda en relación con las reclamaciones descriptas en este Aviso, y eximirá a Wells Fargo de cualquier responsabilidad para las Reclamaciones eximidas definidas más abajo y en el Acuerdo.

Permanecer en el Grupo significa que usted, así como sus respectivos cesionarios, albaceas, administradores, sucesores y agentes eximirán, resolverán, renunciarán y liberarán a cada una y todas las Partes eximidas de cada una de las Reclamaciones eximidas (como se las definió más abajo). También acepta que usted y ellos no iniciarán alguna acción o causa de acción (en derecho, en equidad o de manera administrativa), litigios, deudas, embargos o reclamaciones, conocidos o no, fijos o contingentes, que puede tener o afirmar que tiene, en un tribunal estatal o federal, en arbitraje, con cualquier agencia gubernamental estatal, federal o local o con cualquier organismo administrativo o consultivo que surja de las Reclamaciones eximidas.

La expresión "Reclamaciones eximidas" significa cualquiera y todas las reclamaciones, causas de acción, litigios, obligaciones, deudas, demandas, acuerdos, promesas, responsabilidades, indemnizaciones por daños y perjuicios, pérdidas, controversias, costas, gastos y honorarios de abogados de cualquier naturaleza, ya sea que estén basados en cualquier derecho federal, estatal, común, territorial, extranjero, contrato, regla, regulación, cualquier promulgación reguladora (incluida, entre otras, cualquier opinión o fallo declaratorio), derecho común o equidad, sean conocidos o no, posibles o no, declarados o no, previstos o no, reales o contingentes, liquidados o no, punitivos o compensatorios, a partir de la fecha de la Orden de Aprobación Final, que surgen de la utilización de las Partes eximidas de un "sistema automático de marcación telefónica" o una "voz artificial o pregrabada" para contactar o intentar contactar a los Demandantes colectivos del Acuerdo en relación con sobregiros de las cuentas corrientes de Wells Fargo durante el Período de Clase. Las Reclamaciones eximidas incluyen las reclamaciones de los titulares de una cuenta corriente de Wells Fargo y personas que no poseen cuentas y que son participantes del Grupo del Acuerdo. Pese a lo anterior, las Partes aceptan que no están eximidas las reclamaciones relacionadas con las llamadas realizadas en un intento de cobrar alguna deuda distinta de las que supuestamente se deben por una cuenta corriente de Wells Fargo.

El Convenio del Acuerdo (disponible en el sitio web) brinda más detalles con respecto a la exención y describe las Reclamaciones eximidas con descripciones concretas expresadas en una terminología legal precisa y necesaria, de modo que debe leerlo atentamente. Puede hablar gratuitamente con los estudios jurídicos que representan al Grupo y que se mencionan en la Pregunta 9, o también puede —haciéndose cargo de los gastos— consultar a su abogado si le surgen preguntas sobre las Partes eximidas, las Reclamaciones eximidas o su significado. No se aplica la exención a los Demandantes colectivos que oportunamente no participaron del Acuerdo.

## CÓMO EXCLUIRSE A USTED MISMO DEL ACUERDO

Si no desea un pago de este Acuerdo, y quiere mantener su derecho a demandar o continuar la demanda a Wells Fargo por su cuenta sobre los problemas legales en este caso, debe realizar ciertos pasos para retirarse del Acuerdo.

| 8. ¿Cómo me retiro del Acuerdo? |
| --- |

Para retirarse del Acuerdo, debe enviar una carta por correo en la que manifieste que desea retirarse de *Cross contra Wells Fargo Bank, N.A.*, Caso n.° 1:15-cv-01270-RWS (N.D. Ga.). Asegúrese de incluir su nombre completo, dirección y número telefónico. También debe manifestar que desea ser excluido del Acuerdo. **Debe enviar por correo y con matasellos la solicitud de exclusión antes del 16 de diciembre de 2016** a la siguiente dirección:

Cross Wells Fargo TCPA Settlement
c/o GCG
P.O. Box 10302
Dublin, OH  43017-5902

Si solicita ser excluido, no obtendrá ninguna Asignación del Acuerdo y no podrá objetar el mismo. Tampoco estará obligado legalmente por nada de lo que suceda en esta demanda. Es posible que pueda demandar (o continuar la demanda) a Wells Fargo en el futuro. Aunque nadie puede excluirlo del Grupo del Acuerdo, no existe ningún impedimento para que otra persona lo asista —como un abogado o familiar— en la preparación o presentación de cualquier exclusión individual.

**LOS ABOGADOS QUE LO REPRESENTAN**

---

| 9. ¿Tengo un abogado en este caso? |
|---|

El Tribunal designó a los siguientes estudios jurídicos para que lo representen a usted y a otros Demandantes colectivos:

Lieff Cabraser Heimann & Bernstein, LLP; Burke Law Offices, LLC; y Greenwald Davidson Radbil PLLC se han designado para liderar la asesoría legal conjuntamente. Meyer Wilson Co., LPA; Skaar & Feagle, LLP; Keogh Law Ltd.; Kazerouni Law Group, APC; Law Offices de Douglas J. Campion, APC; y Hyde & Swigart se han designado como asesores legales adicionales del grupo.

A todos estos abogados se los llama Asesores legales del Grupo. No se le cobrará por separado por los servicios de estos. Si desea ser representado por su propio abogado, sus honorarios corren por su cuenta.

Además, si lo desea, puede elevar una comparecencia por medio de su abogado; sin embargo, no es necesario que lo haga.

---

| 10. ¿Cómo se les pagará a los abogados y representantes del grupo? |
|---|

Los Asesores legales del Grupo le pedirán al Tribunal que apruebe el pago de hasta 9.133.806,82 USD (30% del Fondo del Acuerdo) para indemnizarlos por los gastos y honorarios de los abogados para la investigación de los hechos, litigación del caso y negociación del Acuerdo. Los Asesores legales del Grupo también solicitarán una asignación de 15.000 USD para la Representante del Grupo como indemnización por su tiempo y esfuerzo. El Tribunal podrá fijar montos inferiores a estos. Estos pagos, junto con los costos de administración del Acuerdo, se efectuarán con el dinero del Fondo del Acuerdo.

Se pueden presentar objeciones a la aplicación de los Asesores legales del Grupo para los honorarios y costas de los abogados, y se les debe colocar el matasellos antes del 16 de diciembre de 2016, cuando se cumplen 30 días tras la presentación de la moción de los Asesores legales del Grupo para una asignación de los honorarios y costas de los abogados.

## CÓMO OBJETAR EL ACUERDO

Puede informarle al Tribunal su disconformidad con el Acuerdo o alguna parte de este.

---

| 11. ¿Cómo le manifiesto al Tribunal que pienso que el Acuerdo no es justo? |
|---|

Usted puede decirle al Tribunal que no está conforme con el Arreglo o con parte del mismo. Si es un Demandante colectivo, puede objetar el Acuerdo si piensa que este no es justo. Puede manifestar motivos por los que piensa que el Tribunal no debería aprobarlo. El Tribunal tendrá en cuenta su punto de vista. Para objetar, debe enviar una carta en la que manifieste que desaprueba el Acuerdo propuesto en *Cross contra Wells Fargo Bank, N.A.*, Caso n.° 1:15-cv- 01270-RWS (N.D. Ga.). Asegúrese de incluir su nombre completo, dirección, número telefónico, los motivos por los que desaprueba el Acuerdo y si tiene intención de comparecer en la audiencia de imparcialidad en su propio nombre o por medio de un asesor legal. Todas las objeciones identificarán a algún abogado que lo represente en cuanto a las Acciones o su objeción. Cualquier documento que desee que sea considerado por el Tribunal debe adjuntarse a la objeción. **Se le debe colocar el matasellos a su objeción al Acuerdo antes del 16 de diciembre de 2016**.

---

La objeción debe enviarse por correo a la siguiente dirección:

| | |
|---|---|
| *Cross contra Wells Fargo Bank, N.A.*<br>Caso n.° 1:15-cv-01270-RWS (N.D. Ga.)<br>Actuario<br>U.S. District Court for the Northern<br>District of Georgia 2211 United<br>States Courthouse 75 Ted Turner<br>Drive, SW Atlanta, GA 30303 | Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111 |
| Cross Wells Fargo TCPA Settlement<br>c/o GCG<br>P.O. Box 10302<br>Dublin, OH 43017-5902 | Troutman Sanders<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, VA 23462 |

## LA AUDIENCIA DE IMPARCIALIDAD

### 12. ¿Cuándo y dónde decidirá el Tribunal si aprueba el Acuerdo?

El Tribunal llevará a cabo una audiencia a fin de decidir si aprobará el Acuerdo. La Audiencia de imparcialidad se celebrará el 7 de febrero de 2017 a las 9:30 a.m. en el United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303, en la sala del Tribunal 2105. La fecha u hora de la audiencia puede cambiarse sin previo aviso, por lo que le recomendamos consultar el sitio web para obtener actualizaciones. En esta audiencia, el Tribunal considerará si el Acuerdo es justo, razonable y suficiente, y si concederá los honorarios de los abogados, gastos y asignación de incentivo tal como se los describió anteriormente, y sus cantidades. Si hay objeciones, el Tribunal las considerará. En la audiencia o después de esta, el Tribunal decidirá si aprueba el Acuerdo. No sabemos cuánto tiempo le llevará al Tribunal comunicar su decisión. No es necesario que comparezca en esta audiencia, pero puede asistir por su cuenta si lo desea.

### 13. ¿Puedo hablar en la audiencia?

Puede solicitarle al Tribunal permiso para hablar en la Audiencia de Imparcialidad. Para hacerlo, debe enviar una carta en la que mencione que tiene intención de comparecer en la Audiencia de Imparcialidad en *Cross contra Wells Fargo Bank, N.A.*, Caso n.° 1:15- cv-01270-RWS (N.D. Ga.). Asegúrese de incluir su nombre completo, dirección, número telefónico y el número de caso (1:15-cv-01270-RWS). A la carta donde manifiesta su aviso de intención de comparecer en la audiencia se le debe colocar el matasellos antes del 16 de diciembre de 2016 y enviarla al actuario, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, SW, Atlanta, GA 30303. Si se retira, no podrá hablar en la audiencia.

## SI NO HACE NADA

### 14. ¿Qué pasa si no hago nada en absoluto?

Si no hace nada siendo un Demandante colectivo, no recibirá ningún pago luego de que el Tribunal apruebe el Acuerdo y se resuelvan las apelaciones. Para recibir un pago, debe presentar un formulario de reclamación. A menos que se retire, no podrá iniciar una demanda, continuar con una demanda o ser parte de cualquier otra demanda contra Wells Fargo sobre los problemas legales de este caso en ninguna otra ocasión.

**CÓMO OBTENER MÁS INFORMACIÓN**

| |
|---|
| 15. ¿Cómo hago para obtener más información? |

Este Aviso resume el Acuerdo propuesto. Se incluyen más detalles en el Convenio del Acuerdo. Puede obtener una copia del Convenio del Acuerdo llamando de forma gratuita al Administrador de Reclamaciones al 1-866-565-7718 o escribiendo a la siguiente dirección: Cross Wells Fargo TCPA Settlement, c/o GCG, P.O. Box 10302, Dublin, OH 43017-5902, o visitando el sitio web en www.CrossWellsFargoTCPA.com, donde también encontrará respuestas a preguntas frecuentes sobre el Acuerdo, un formulario de reclamación y otra información a fin de ayudarlo a determinar si es un Demandante colectivo y si es idóneo para un pago.

En el sitio web, www.CrossWellsFargoTCPA.com, hay una notificación completa del acuerdo en Español.

Exhibit H

**MUST BE POSTMARKED ON OR BEFORE JANUARY 16, 2017**

**Cross v. Wells Fargo Bank, N.A.**
**c/o GCG**
**P.O. Box 10302**
**Dublin, OH 43017-5902**
**Toll-Free: 1 (866) 565-7718**

WF2

Claim ID: 1234567890
Confirmation No: WF2011111111

WF21234567890



JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA 67890

## Claim Form
## Cross v. Wells Fargo Bank, N.A.

(This claim form should only be used if a claim is being mailed in and is not being filed online at www.CrossWellsFargoTCPA.com or through the telephone claim filing services at 1-866-565-7718.)

First Name:

Last Name:

Street Address 1:

Street Address 2:

City:          State:     Postal / Zip Code:

Contact Phone Number:          Claim ID:

(          )          –

Cell Phone Number on which you received a call:          (if known; this number can be found on the front of the Postcard sent, above your name)

(          )          –

(Your cellphone number must be listed in our records as one of the phone numbers that was called by Wells Fargo Bank, N.A. and included as part of the settlement. If you are not certain which of your cellphone numbers may have been called, you may submit each of them separately.)

### CERTIFICATION

By submitting this Claim Form, I certify that I received a call or text on the cell phone number above in connection with an overdraft of a Wells Fargo deposit account without my prior express consent.

**Please submit your completed claim form to:**
**Cross Wells Fargo TCPA Settlement**
**c/o GCG**
**P.O. Box 10302**
**Dublin, OH 43017-5902**
**Postmarked no later than January 16, 2017**

# Exhibit I

CROSS V. WELLS FARGO TCPA SETTLEMENT
EXCLUSION LIST
TIMELY

| COUNT | NME | NAME | CLAIM |
|---|---|---|---|
| 1 | 7954512 | LOLITA D PITTS | X |
| 2 | 9776862 | JOCLYN SMITH | X |
| 3 | 11229044 | ISAAC K NITTA | X |
| 4 | 20009959 | RANDY SHAIA | X |
| 5 | 20016421 | Inna Badran | X |
| 6 | 13041 | INFINITY TRADE CAPITAL LLC | |
| 7 | 13042 | PARTY SHUTTLE TOURS LLC | |
| 8 | 13045 | ONBOARD LAS VEGAS TOURS LLC | |
| 9 | 13047 | NEW YORK PARTY SHUTTLE LLC | |
| 10 | 13053 | EUGENE A SCHMITT | |
| 11 | 13949 | JAIME COGLES | |
| 12 | 16529 | NICOLE JONES | |
| 13 | 20565 | CHERRENE TAYLOR | |
| 14 | 20581 | JEANNIE ACKERMAN | |
| 15 | 1585443 | WASHINGTON SD PARTY SHUTTLE | |
| 16 | 1585445 | CHARLES T SCHMIDT | |
| 17 | 1585446 | LAWRENCE J LOCKHART | |
| 18 | 2790766 | BYTHA R GUYTON | |
| 19 | 2790767 | OLIVER GUYTON | |
| 20 | 2800887 | RAYMOND WHITNEY | |
| 21 | 2914095 | PORFIRIO PAZOS | |
| 22 | 2950004 | POLINA DABIZHA | |
| 23 | 2950006 | VASYL VOYTOV | |
| 24 | 3201209 | SHANNON M LITTLE | |
| 25 | 3286425 | ANNE E DAIGLE MCDONALD | |
| 26 | 3507982 | THE SUGGS LAW FIRM PC | |
| 27 | 3507983 | ELDRIDGE SUGGS IV | |
| 28 | 3632262 | LEMARCUS K ALLISON | |
| 29 | 3632264 | MONEY MAKERS RECORDS LLC | |
| 30 | 4060253 | EUI SOOK KIM | |
| 31 | 4152835 | PATROSINIA FISHER | |
| 32 | 4152836 | ROBERT V FISHER | |
| 33 | 4167644 | NANNIE DORA RANDOLPH | |
| 34 | 4394682 | SHAKERA S LOVE | |
| 35 | 4506100 | ROBERT D JONES | |
| 36 | 4617407 | PUTHENPARAMPI M MATHAI | |
| 37 | 4683618 | MICHELE SATORI | |
| 38 | 4868693 | BAY COURIER | |
| 39 | 4868697 | SAL ZAHRAOUI | |
| 40 | 4888495 | PAMELA JORDAN | |
| 41 | 5374559 | WENDY K JOHNSON | |
| 42 | 5630870 | PEACE EZEOGBA-ODOEMENA | |

CROSS V. WELLS FARGO TCPA SETTLEMENT
EXCLUSION LIST
TIMELY

| COUNT | NME | NAME | CLAIM |
|-------|-----|------|-------|
| 43 | 5710344 | BUYANKHISHIG KORKAR | |
| 44 | 6029454 | JOYCE E WOODRING | |
| 45 | 6108867 | GREGORY BARSH | |
| 46 | 6587781 | SHELA CADWELL | |
| 47 | 7102637 | AIMEE C SMITH | |
| 48 | 7455269 | Fred R Moskowitz | |
| 49 | 7455275 | Ronnie White | |
| 50 | 7455276 | SHELLY ANN HOGAN | |
| 51 | 7504966 | City Info Experts LLC | |
| 52 | 7961539 | CINDY L GRAY | |
| 53 | 8094071 | JULIA RUFFIN | |
| 54 | 8094072 | MARIAN RUFFIN | |
| 55 | 8495444 | SANDRA RISTOVSKA | |
| 56 | 8597786 | JOSE MORENO-SALAZAR | |
| 57 | 8631485 | YAMILKA MARTIN | |
| 58 | 9049252 | SUSAN E BOWDEN | |
| 59 | 9157852 | CHARLES K HOTZE | |
| 60 | 9341531 | HARRIET KAPLAN | |
| 61 | 9652051 | GALAGO INVESTMENTS LLC | |
| 62 | 9668658 | GREGORY GHOLSTON | |
| 63 | 9976405 | AVA K PETERSON | |
| 64 | 10007482 | THOMAS J DELLA POLLA | |
| 65 | 10228747 | COLINDA LANDERS | |
| 66 | 10342712 | LOLA RUBY MITCHELL | |
| 67 | 10831135 | KIM S GRIBBLE | |
| 68 | 10978973 | IDA MAE JOSEY | |
| 69 | 11973806 | EDWIN A PEREZ | |

CROSS V. WELLS FARGO TCPA SETTLEMENT
EXCLUSION LIST
UNTIMELY

| COUNT | NME | NAME | CLAIM |
|---|---|---|---|
| 1 | 22534 | ALFRED HERCZEG | |
| 2 | 5524823 | Missionary Church of God | |
| 3 | 5524825 | Annie Wright | |
| 4 | 5524829 | Paulette Jackson | |
| 5 | 10238933 | DEE WOODS | |
| 6 | 11190556 | MATTHEW A GASKILL | |
| 7 | 11740052 | Margarito Chavera | |