**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| Kenisha Cross, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 1:15-cv-01270-RWS<br><br>CLASS ACTION |

## ~~[PROPOSED]~~ FINAL APPROVAL ORDER ~~AND JUDGMENT~~

The Court having held a Final Approval Hearing on February 7, 2017, notice of the Final Approval Hearing having been duly given in accordance with this Court's Amended Order: (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement dated July 29, 2016, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's

Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> **SETTLEMENT CLASS**: All users or subscribers to a wireless or cellular service within the United States who used or subscribed to a phone number to which Wells Fargo made or initiated one or more Calls during the Class Period, in connection with overdrafts of deposit accounts, using any automated dialing technology or artificial or prerecorded voice technology, according to Wells Fargo's available records.
>
> Excluded from the Settlement Class are Defendant and any affiliate or subsidiary of Defendant, and any entities in which any of such companies have a controlling interest, as well as all persons who validly opt out of the Settlement Class.

3. The Court confirms certification of the Settlement Class, defined above, and finds that, for purposes of settlement, all of the requirements of Rule 23(a), Rule 23(b)(3), and Rule 23(g) of the Federal Rules of Civil Procedure are satisfied.

4. The Court confirms the appointment of Kenisha Cross as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. The Court confirms the appointment of Lieff Cabraser Heimann & Bernstein, LLP, Burke Law Offices, LLC, and Greenwald Davidson Radbil PLLC

as co-lead Class Counsel, and Meyer Wilson Co., LPA, Skaar & Feagle, LLP, Keogh Law Ltd., Kazerouni Law Group, APC, Law Offices of Douglas J. Campion, APC, and Hyde & Swigart as additional Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, and Wells Fargo, conducted under the auspices of respected mediator Hunter Hughes, Esq.

7. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

8. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

9. This Court hereby finds and concludes that the notice provided by the Settlement Administrator to the appropriate State and federal officials pursuant to

28 U.S.C. § 1715 fully satisfied the requirements of that statute. No objections were received from any entities served such notice.

10. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement. The persons who validly excluded themselves are Susan Purcell, Ralph Singer, and those persons identified in Exhibit A to the Supplemental Declaration of Stephen J. Cirami Regarding Claims and Opt-Out Requests, found at ECF No. 98-1. The Court further finds that the persons who submitted exclusions after the exclusion deadline and prior to the final fairness hearing are excluded from the Settlement Class. *See id.*

11. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel.

12. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

13. Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released

Parties from the Released Claims. In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

14. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Wells Fargo, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not

be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

16. If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

17. In the event that any provision of the Settlement or this Order is asserted by Wells Fargo as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent

they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

18. The Court grants counsel's application for fees and costs, as well as the Plaintiff's request for an incentive award. Class Counsel are awarded attorneys' fees and costs in the amount of 28 percent of the Settlement Fund, and co-lead Class Counsel may allocate the award among Class Counsel. Plaintiff Kenisha Cross is awarded $15,000 for her service to the Class.

19. The Court considered the substance of all objections submitted to the Settlement, regardless of whether those objections were timely made or otherwise improper. The Court overrules each objection. In addition, the Court further finds that objectors Michael T. Schwartz, Sr. and Donna Schwartz lack standing to object to the Settlement due to their not having disclosed their claim(s) in their bankruptcy petition and filings. *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003). As such, and because Mr. and Mrs. Schwartz lack standing to object, their objection is stricken. Finally, the Court finds that while

the filing of Dr. Ralph Singer, ECF No. 99, was untimely, it will be treated as a valid exclusion and Mr. Singer is excluded from the Settlement Class.

~~20. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule 54(b) forthwith.~~

21. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

IT IS SO ORDERED

Dated: February 10, 2017

Hon. Richard W. Story
United States District Court Judge